Hitchcock, J.
Two questions seem' to be presented to the' court, for consideration, in this case:
1. As to the effect of an arrest on ca. sa., where the arrest is discharged by the surrender of property; and,
2. Whether, in a ease like the present, a court of chancery can furnish relief.
As to tho first question. We are aware that, by the principles of the common law, if a judgment debtor is arrested on a ca sa., such arrest will be considered equivalent to, a satisfaction of a judgment. In fact, it is said to be tho highest satisfaction known to the law. But there are, and must necessarily be, exceptions to this rule. If the creditor is not permitted to retain his debtor in *39 custody, it would hardly do to say, that, by the arrestvhis debt was discharged. As if, for instance, a judgment debtor, arrested) is discharged under the insolvent laws, there can be no pretense that the judgment is satisfied. If, at any subsequent period, the debtor shall accumulate property, the judgment can be enforced against that property, although it can not be enforced by a second arrest of the body.
By the law in force at the time these proceedings were had, the lands and tenements of the judgment debtor were bound for the satisfaction of the judgment, from the first day of the term of its rendition. The judgment creditor had his election to sue out either a writ of ft. fa. or ca. sa. If the writ sued out was a ft. fa., it was levied upon the personal or real property of the defendants. If a ca. sa., the body of the defendant must be taken. But it was provided, “ That any person taken by a writ of capias ad satisfaciendum shall be discharged, by ^delivering, or setting off, to the officer serving the same, real or personal property sufficient to satisfy the judgment and cost3 for which said writ issued.” And the same act provided that, if a defendant should die in execution, the creditor might afterward sue out execution against his goods or lands. 2 Chase’s L. 1303. The property delivered or set off by a debtor, to procure his discharge from arrest must be sold in the same manner as if the same had been levied oh bj^ a ft. fa. Under these circumstances, we can not suppose that the lien of the judgment was discharged, because the form of the writ was that of a ca. sa., unless it would have been discharged by the levy of a fi. fa. upon the same property. The effect of the levy, in either case, would be the same; and why should not the consequences be the same? In the opinion of the court, the judgment of Dingle, Hansberger, and Yan Matre continued to be a lien upon the land of Funk, the judgment debtor, and the avails of the sale of that land were well appropriated to •satisfy that judgment.
But there is still a balance of about sixty dollars remaining, and the complainant insists that-he is entitled to a decree for this amount; and this claim raises the question whether a court of equity can, with propriety, give relief in a case like the present. Courts of chancery have jurisdiction in those cases in which plain, adequate, and complete remedy can not be had at law. If, in a caso like the present, a court of law could not relieve, a court of *40 chancery may. By the law regulating judgments and executions, it is made the duty of the sheriff, or other officer making sale of land, or other property, on execution, if there be a surplus of money after satisfying the execution, to pay the same over to the judgment debtor, or his legal representative, on demand. If payment is refused, an action of law will lie against the officer, at the suit of the judgment debtor, to receive this surplus, or the statute confers upon him the same right to move the court to amerce the officer, as is conferred upon the judgment creditor. The remedy at law is plain, complete, adequate.
*In the present case, however, Funk was the judgment debtor, and, by the letter of the law, would be entitled to the surplus. The complainant claims, however, that, having purchased the land of Funk previous to the sheriff’s sale, he is justly entitled to this surplus. There is, certainly, an appearance of equity in this claim; but the question as to whether the complainant or Funk has a right to this surplus is one with which these defendants, have nothing to. do — a question in which they have no interest. Wallace, as he was bound to do, h&a paid it over to sheriff Johnson, and Johnson has paid it over to his successor. It belongs either to Funk or Douglas. But Funk, who has the only interest opposed to Douglas, is not a party to this suit. But even if Funk were a party, we apprehend it could make no difference. The court to whom the execution was returned might, with propriety, on motion, determine this question of right.
The bill must be dismissed, with costs.
Bill dismissed.