[*Special Term, June,* 1876.]

## LONGWORTH'S EXECUTORS *v.* TAYLOR ET AL.

Where the statute of limitations had barred an action upon a note, a mortgage securing the note may nevertheless be foreclosed at any time within twenty-one years from the time it was made.

STORER, J.   In the year 1846, one of the defendants gave a promissory note to Nicholas Longworth, now deceased, for $300, payable in eight years, and executed a mortgage to secure payment.   A suit has been brought within the last year to enforce that mortgage and obtain a decree.   The statute of limitations is pleaded.

The statute may apply, or it may not, to the debt.   If it does, however, it does not affect the security.   The question has been decided in this court, and also settled by our Supreme Court, which follows the rule established in England since the time of Sir E. Sugden, " that where a creditor takes from a debtor his note and a mortgage on real estate to secure the same, and the debtor dies, though the action against his personal representative may become barred by lapse of time, the creditor, notwithstanding, may have his remedy in equity on the mortgage."   *Fisher* v. *Mossman,* 11 Ohio St. 42.

The reason is, the mortgage is not regarded merely as a lien on the property, but for all practical purposes it has conveyed the whole estate.   The fee of the property was vested in Longworth, subject to be defeated by the payment of the debt, and although the party has his equity of redemption, the executors of Longworth, or he, in his lifetime, might have maintained an action of ejectment, and the only bar would be adverse possession for twenty years. The party, having lost his remedy at law, may pursue it in equity.

Demurrer overruled.