Day v. Baldwin.

Reversed.

---

Day v. Baldwin *et al.*

1. Statute of limitations : TITLE BOND FORECLOSURE : MORTGAGE. The right to maintain an action to foreclose a title bond, treating it as a mortgage, is barred in ten years from the time the cause of action accrued.

2. —— EFFECT OF ADMISSIONS. The right of a defendant to rely upon the statute of limitations, cannot be affected by the admissions of a person not interested in the event of the suit, though joined as a nominal defendant in the action.

3. —— It is accordingly *held*, in an action to foreclose a title bond, wherein the original obligee is joined as a party defendant with other persons claiming an interest in the land, that his admissions that the debt was due and unpaid, could not effect the right of the other defendants to rely upon the statute, it appearing that no personal claim was made against him in the action, and that he no longer had any interest in the land.

## *Appeal from Winneshiek Circuit Court.*

### THURSDAY, JULY 25.

THE petition alleges that one O. C. Lee, being, on the first day of May, 1857, the owner of certain real estate in Decorah, Iowa, sold the same to Ebenezer Baldwin for the consideration of $1,000, taking his two promissory notes of $500 each, bearing ten per cent interest per annum, payable on the first day of February, 1858, and first day of August, 1858, respectively; that said Lee executed to Baldwin a bond for a deed to said premises; that the note first falling due was transferred to Slaymaker & Crawford, a partnership by that name, and the other note transferred to one James Howard, and that Lee conveyed the premises to Slaymaker & Crawford and James Howard, which conveyance was recorded March 22, 1860; that the plaintiff is the owner of the said first note and security; that the note is lost; that there is due thereon $1,119.44 and accruing interest.

It is also alleged that E. E Cooley, and others named, claim an interest in the land, which is alleged to be inferior to plaintiff's claim. No personal claim is made against either of the defendants, but it is asked that a decree be rendered ordering a sale of the premises to satisfy the amount alleged to be due on the lost note, and a foreclosure of the equity of redemption of all the defendants, and for general relief.

Defendant Baldwin, the maker of the notes, answers,

Day v. Baldwin.

admitting the several allegations of the petition in respect to the execution of the notes and bond; that the notes became the property of Slaymaker & Crawford and of Howard, as alleged; admits the loss of the note claimed by plaintiff, and that no part of the same has been paid; "that the indebtedness thereon is still due and owing, and said property is alone liable to pay the same," and he says he does not object to the land being subjected to the payment of the note, "provided no personal claim be made against him."

The answer of Cooley alleges that James Howard, the holder of the note last due, brought an action and obtained a judgment and decree of the district court of Winnesheik county, on the 5th day of June, 1862, against Baldwin and others, foreclosing the title bond executed by Lee to Baldwin on the purchase of the land, and ordering a sale thereof to satisfy said judgment; that, on the 8th day of September, 1866, the sheriff sold said premises on the execution issued on said decree, at which sale the defendant Cooley became the purchaser and received a deed from the sheriff therefor, which was duly recorded September 25, 1860, and that he is now the owner, and, since said sale, has been in the possession thereof.

The answer also denies plaintiff's ownership of the note; denies its loss; denies that any thing is due thereon, and pleads the statute of limitations.

The cause was tried by the first method in equity, and a decree entered for plaintiff. Defendant Cooley appeals.

*E. E. Cooley*, pro se.

*L. Bullis*, for the appellee.

MILLER, J. — Without noticing each of the grounds urged by appellant for a reversal of this decreee, we think

Day v. Baldwin..

**1. STATUTE OF LIMITATIONS: title bond foreclosure: mortgage.** it must be reversed on the defendant's plea of the statute of limitations.

The note alleged to be lost, and for the amount of which this suit is brought, matured February 1, 1858. This action was not brought until September, 1869, more than *eleven* years after the cause of action accrued. An action at law on the note would be barred in ten years. So, also, treating the enforcement of a vendor's lien as the foreclosure of a mortgage, an action brought for that purpose must be brought within ten years from the time the cause of action accrued. Rev., § 2740, subd. 4; *Newman* v. *De Lorimer*, 19 Iowa, 244. See, also, *Gower* v. *Winchester et al.*, 33 id. 302. This action, therefore, was barred by the statute, unless the plaintiff has shown some fact or circumstance taking the case out of its operation.

In the first place there is no *allegation* in the petition taking the case out of the statute; but supposing this to **2.——effect of admission.** be waived by a failure to demur, is there any other proof in the case which removes the bar of the statute? We think not. The defendant Baldwin, the maker of the note, in his answer admits its execution, and that it has never been paid; but we think this admission, under the state of the pleadings and the facts of the case, cannot remove the bar of the statute existing in favor of Cooley. The petition expressly states that no personal claim is made against Baldwin; it seeks only to enforce the claim against the land; the facts of the case show that Baldwin has no interest whatever in the land; that all of his interest had been sold under a foreclosure upon the other note held by James Howard, and that Cooley was the purchaser at such sale, and still holds all the rights thereby acquired. Cooley is really the only defendant, showing any interest whatever in the land. There is no relief sought against Baldwin, and he couples his admission of plaintiff's right to recover the amount of

the note out of the land, with the *proviso*, that no personal-claim be made against him. This answer of Baldwin cannot be taken to prejudice the interests of the defendant Cooley. Rev., § 2742; *Ayres* v. *Campbell et al.*, 9 Iowa, 213. If a personal judgment were sought against Baldwin, his admission would probably authorize such judgment against him, but as no relief can in any view of the pleadings be had against him we fail to see why he is made a party at all, unless for the mere purpose of obtaining this admission. But, having no interest whatever in the result of the action, his admissions will not effect a party who is interested, any more than the admissions of any other stranger. 1 Greenl. Ev., §§ 172, 173, 174. He was not a necessary party to the action, and he pleaded no fact showing that he was even a proper party. *Johnson* v. *Monell*, 13 Iowa, 300; *Semple* v. *Lee*, id. 304; *Gifford* v. *Workman*, 15 id. 34.

As before remarked no personal judgment is asked against any of the defendants. Cooley holds the land under the foreclosure sale upon the second note, so that he alone will be affected by the enforcement of plaintiffs' claim. It is against his property that the action is brought, and that he may plead the statute of limitations in bar of the action in this respect, we have no doubt. He has taken the place of the maker of the note, as the owner of the equity of redemption. He is the purchaser of Baldwin's interest in the land, and as such, may set up the bar of the statute. See *Gower* v. *Winchester*, *supra ;* see, also, *McCarty* v. *White*, 21 Cal. 495; *Coster* v. *Brown*, 23 id. 142.

It is insisted by appellee that the admission by Baldwin, that the note has never been paid, removes the bar of the statute from the right of action to enforce the lien, and cites *Hendershott* v. *Ping*, 24 Iowa, 134, as sustaining this position. We think the learned counsel has misapprehended the decision in that case. In that case a decree of foreclosure had been rendered on the mortgage, before the

time of the statute had run, and the question was whether, after ten years from the date of this decree, the plaintiff having purchased the land, he was entitled to have the lien of the decree removed and his title quieted, and it was held that he was not, on the ground that the lien of the mortgage did not merge in the decree, and that under subdivision 5 of section 2740, an execution might issue at any time before the judgment was barred by the statute of limitations, which is twenty years from the date of its rendition. That case is, in no wise, in conflict with the views above expressed. It simply holds that, so long as the plaintiff in the judgment has a right to an execution for the sale of the mortgaged premises, a purchaser has no right of action to quiet title in himself, as against such judgment plaintiff, and that such right to issue execution, exists for twenty years from the rendition of the judgment. That time had not expired at the time of the action by the plaintiff. In this case the plaintiff's right of action on the note, and also his right of action to foreclose against the land and those interested therein, had expired, and was barred before he brought his action, and he has shown no circumstance taking the case out of the operation of the statute, as respects his cause of action against Cooley. The judgment will, therefore, be reversed, with directions to the district court to render a decree dismissing plaintiff's petition on the merits with costs, or if appellant so elects such judgment will be rendered in this court.

Reversed.