## PALMER v. BUTLER *et al.*

1. **Statute of limitations: REVIVAL: RECITALS IN MORTGAGE.** A recital in a mortgage that it is made subject to a prior one executed by the mortgagor and existing on the same premises, is sufficient as an acknowledgment of indebtedness on the prior mortgage to take it out of the statute of limitations both as against the mortgagor and a subsequent grantee of the premises from him.

2. —— A. executed a mortgage to B. and C. as trustees of D., and subsequently executed another mortgage on the same premises to the same persons, as trustees of E., in which it was recited that the premises were "already subject to a mortgage now in the hands of the before-named B. and C., trustees," after which the mortgagor conveyed the premises mortgaged. *Held*, that the recital in the second mortgage constituted an admisssion that removed the bar of the statute both as to the mortgagor and his grantee.

*Appeal from Scott District Court.*

FRIDAY, JUNE 13.

THE plaintiff sues to foreclose two mortgages; one of date October 28, 1857, made by Richard B. Hill and wife to Peter Wainright, on property in the city of Davenport, given to indemnify said Wainright against the payment of a certain promissory note for $10,000, made by said Richard B. Hill to Alpheus Hardy, Horatio Harris and Hugh Montgomery, trustees under the will of Joshua Sears, deceased, payable in three years from date, with semi-annual interest, to secure which Wainright had executed a mortgage upon lands situated in the State of Massachusetts, of which mortgage and note sought to be foreclosed the plaintiff claims to be the owner. The other mortgage sought to be foreclosed was made by Richard B. Hill and wife to Henry Hill and Julius Palmer, *trustees, etc.*, to secure a promissory note of $10,000 made by one Wm. Allen, of date November 1, 1862. This last mortgage being upon the same property and subject to the former one, Richard B. Hill, Henry Hill, Peter Butler and others are made defendants.

To the petition Richard B. Hill pleaded his discharge, under the bankrupt act of congress, from all liability upon the notes and mortgages sued on, which plea was sustained.

Peter Butler demurred to that portion of the petition which sought a foreclosure of the first-named mortgage, on the ground that the action was barred by the statute of limitations, which demurrer being sustained, the plaintiff amended his petition stating that the defendant Richard B. Hill, by the recitals in the second mortgage given to Henry Hill and Julius A. Palmer, trustees, etc., dated November 1, 1862, admitted in writing that the note secured by the first mortgage was due and unpaid, and also claiming that the defendant Butler was estopped from pleading the bar of the statute by the recitals in the deed under which he claims title to the mortgaged premises, said conveyance being made subject to both of the mortgages sought to be foreclosed.

Butler answered, claiming title to the land under Henry Hill *et ux.*, of date August 1, 1870, and pleading the bar of the statute as to the first mortgage, and denying that the same is revived by the recitals in the second mortgage, or that he is estopped by the recitals in his deed.

There was a trial to the court resulting in a judgment and decree of foreclosure upon both mortgages, from which the defendant Butler appeals.

*Davidson & True* for the appellant.

*Grant & Smith* for the appellees.

MILLER, J. — The first mortgage sought to be foreclosed was executed October 28, 1857, to secure a note of same date for $10,000, payable three years after date, falling due with days of grace added, October 31, 1860. This action was commenced on the 7th day of December, 1871, more than eleven years after a cause of action acrued thereon.

To remove the bar of the statute the plaintiff claims that the cause of action was duly revived by Richard B. Hill at the

Palmer v. Butler.

time of the execution by him of the mortgage made to Henry Hill and Julius A. Palmer, trustees, dated November 1, 1862, to secure the note of Wm. Allen.

It is admitted of record that at the date of the deed to defendant Butler, the following mortgages on the property in controversy were duly recorded in Scott county, Iowa:

R. B. HILL *et ux.*    Dated October 28, 1857.
    TO
PETER WAINRIGHT.    Recorded January 5, 1858.

Being the mortgage in controversy, to secure against the payment of said note of $10,000.

R. B. HILL *et ux.*    Dated Nov. 1, 1862.
    TO
HENRY HILL & JULIUS PALMER,
        *Trustees.*    Recorded May 29, 1863.

To secure the Wm. Allen note of $10,000, and subject to the Peter Wainright mortgage above.

R. B. HILL *et ux.*    Dated May 27, 1862.
    TO
REV. P. FISK.    Recorded May 26, 1863.

To secure $5,800, January 15, 1861.

R. B. HILL *et ux.*    Dated March 31, 1865.
    .TO .
AMERICAN TRACT SOCIETY.    Recorded August 12, 1865.

To secure $4,000, payable in five years, interest at six per cent.

R. B. HILL *et ux.*    Dated October 16, 1865.
    TO
AMERICAN TRACT SOCIETY.    Recorded October 28, 1865.

Subject to $29,000; to secure $3,000, October 1, 1870; interest six per cent.

R. B. HILL *et ux.*    Dated October 17, 1865.
    TO
LINUS CHILDS, *Trustee.*    Recorded October 28, 1865.

To secure $3,000, subject to prior incumbrances, $32,000; recorded in Scott county.

It is also admitted of record as follows:

"That the said Richard B. Hill was adjudged a bankrupt May 30, 1868, under the bankrupt act of March 2, 1867, and was granted a discharge March 5, 1869.

"That after the application of the said R. B. Hill for discharge in bankruptcy, to wit: July 14, 1868, the Hon. J. M. Love, judge of the United States district court, by deed of that date conveyed said real estate to Ira M. Gifford, assignee.

"That the said Ira M. Gifford, assignee, by deed of date October 1, 1868, conveyed said real estate to the said Henry Hill (Butler's grantor).

"That in neither of said deeds last above mentioned, viz. : deed from Love to Gifford; also deed from Gifford to Henry Hill, is there any mention made of any existing incumbrance.

"That execution of said note and mortgage, of date Oct. 28, 1857, is admitted, and also the due assignment and transfer to plaintiff.

"That the mortgage of date November 1, 1862, on the said property, executed by Richard B. Hill et ux., to Henry Hill and Julius A. Palmer, trustees, to secure the note of W. Allen of same date for $10,000 (being one of the notes and mortgages sought to be foreclosed in this suit), recites as follows, to wit:

"The above-described premises being already subject to a mortgage now in the hands of the before-named Henry Hill and Julius A. Palmer, trustees.

"That the deed from Henry Hill et ux. to Peter Butler of date August 1, 1870, under which the said Butler claims title to said mortgaged premises, recites as follows, to wit : 'Subject, however, to a mortgage to secure the sum of $35,000, which said mortgages are duly recorded in the office of the recorder of said Scott county, and to interest thereon, and subject to the State and county taxes for the year 1868, and also the taxes for the present year.' "

I. The cause of action on the first mortgage is barred by the statute of limitations unless the recital above quoted from the second mortgage has the effect to revive it. Under our statute, "causes of action founded on contract are revived by an admis-

sion that the debt is unpaid, as well as a new promise to pay the same. But such admission or new promise must be in writing, signed by the party to be charged thereby." Revision, § 2751; *Penley* v. *Waterhouse*, 3 Iowa, 418. The question, therefore, arises whether the recital in the mortgage of November 1, 1862, is such an admission as, under the statute, revives the cause of action on the first mortgage.

It is urged in argument by appellant's counsel, that an admission which will revive a cause of action must be made to the party seeking its benefits, or to some one authorized to act for him, and that an admission to a mere stranger is insufficient. It is claimed that because Henry Hill and Julius A. Palmer held the first mortgage as trustees under the will of Joshua Sears, at the time of the execution to them by Richard B. Hill, of the mortgage containing the recital : " the above-described premises being already subject to a mortgage now in the hands of the before-named Henry Hill and Julius A. Palmer, trustees," that as to such recital or admission the said Hill and Palmer were mere strangers. We deem it unnecessay to enter into a discussion of the legal proposition contended for by appellant, since we are clearly of the opinion that the parties to whom the admission was made were not strangers thereto. Hill and Palmer as trustees were the holders of the mortgage of October, 1867, at the time Richard B. Hill executed to them the mortgage of November 1, 1862, in which he recited that the latter mortgage was subject to the former one "already in their hands," and the fact that Hill and Palmer held the first mortgage as trustees under the will of Sears, and took the second as trustees under the will of Bowles, cannot have the effect to make them strangers to the admission. Hill and Palmer were agents of both estates at the same time and at the time the admission was made, so that it can make no difference if they held the first security for the benefit of one estate and took the second for the benefit of the other. The admission, whatever its effect, was made to the persons who represented those for whose benefit it was made. See *Mahan* v. *Cooley*, decided at the present term.

II. Is the recital in the mortgage of November, 1862, sufficient as an admission to revive the action? It is in writing and signed by the party to be charged, and we think it is such an admission of the existence of the previous mortgage as implies a promise to pay the same. The language used, namely : " the above-described premises being already subject to a mortgage now in the hands of the before-named Henry Hill and Julius A. Palmer, trustees," most clearly implies that the mortgagor thereby admitted that Hill and Palmer had in their hands a prior mortgage which was unpaid, and that he thereby agreed that it should be first paid and satisfied from the land mortgaged. It is certainly a clear acknowledgment of a present indebtedness upon the prior mortgage, from which the law implies a promise to pay. *Penley* v. *Waterhouse, supra,* and cases cited.

III. The next inquiry is whether Butler, who claims title to the property under a deed from Henry Hill and wife, of date August, 1870, is in a position to claim the protection of the statute of limitations. It has been held by this court that a new promise to pay a debt barred by the statute, made by the mortgagor *after* he has conveyed the mortgaged premises, will not revive the right of action for foreclosure against the grantee of the mortgagor, but that such grantee may protect himself against the foreclosure by pleading the statute, notwithstanding the new promise of the mortgagor. *Day* v. *Baldwin,* 34 Iowa, 380. In the case before us, however, the acknowledgment of the debt by the mortgagor was made long prior to the appellant's purchase of the mortgaged premises. The mortgage which it is sought to revive, as well as the subsequent one containing the acknowledgment, were both duly recorded prior to the time when the appellant acquired any interest in the premises. This presents the question in a new and different aspect from *Day* v. *Baldwin, supra,* and has never been decided by this court.

In *Heyer et al.* v. *Pruyn et al.,* 7 Paige's Ch. 465, which was a bill filed to foreclose a mortgage against the mortgagor and others, where the purchaser of a farm, which was subject

to a prior mortgage, given by the former owner thereof, and duly recorded, had, within twenty years previous to the filing of the complainant's bill to foreclose the mortgage, recognized the existence of the mortgage as a valid and subsisting incumbrance upon the premises; it was held that neither such purchaser, nor those who had derived their titles to the premises under him, subsequent to such recognition, could set up the statute of limitations in bar of the suit, although the mortgage had been due more than twenty years. And it was further held that a purchaser of mortgaged premises, who, at the time of his purchase, has either actual notice of the mortgage, or constructive notice thereof by means of the registry, is bound by a previous acknowledgment of the person under whom he claims, within the period of the statute of limitations. The same doctrine is held in *Hughes* v. *Edwards*, 9 Wheat. (U. S.) 490. These cases are in point in this case, and, in our opinion, are correct enunciations of the law. If Richard B. Hill, the mortgagor, had continued to be the owner of the premises mortgaged, it is very evident that he could not have set up the lapse of time as a bar to plaintiff's action; that his acknowledgment in the mortgage of November, 1862, would have so revived the action against him that the statute could not have been successfully interposed. The appellant, Butler, deriving his title to the property through or under Richard B. Hill, is bound by his previous admission as contained in the mortgage of November, 1862. *Mahan* v. *Cooley*, *supra*. He stands in the shoes of the mortgagor. He acquired all the title and interest of the latter and took the premises subject to all existing liens thereon. When he purchased, the cause of action on the lien of the first mortgage had been duly revived by the written admission of the mortgagor, which became as binding upon the purchaser as upon the mortgagor.

It is insisted by appellant's counsel that the cases cited are not applicable to the case at bar, for the reason that, by the statutes under which they were decided, the legal title vested in the mortgagee, whereas in this State he acquires but a mere lien, the legal title remaining in the mortgagor.

We cannot see that the question decided is in any manner affected by this difference in the statutes. Where the question of possession is involved in a defense setting up the statute of limitations, the cases in New York and some other States in which the mortgagee holds the legal title, may not be entitled to weight in construing our statute of limitations; see *Gower* v. *Winchester*, 33 Iowa, 303; but upon the question before us this difference as to the interest held by the mortgagee in the land mortgaged can have no influence. As to the effect, upon a purchaser from the mortgagor, of an admission or new promise by the latter reviving the mortgage debt, it can make no difference whether the title or a mere lien is conveyed by the mortgage.

We therefore hold, that the appellant having purchased the mortgaged premises with constructive notice of both mortgages, and after the mortgagor had, by a valid admission to the effect that the debt was unpaid, revived the cause of action on the first mortgage, within ten years previous to the commencement of the suit, he stands in no better situation than the mortgagor, from whom he derives his title, and cannot successfully interpose the bar of the statute.

As this holding is decisive of the case, we need not determine the other question which has been ably presented by counsel, namely, whether appellant is estopped by the recitals in his deed from Henry Hill.

The judgment and decree of the district court will be

Affirmed.