Lonqworth, J.
The fact that the purchaser of the land in question had no knowledge of the existence of the mortgage, which had been duly recorded, cannot affect the estate which he took by the deed made tó him. That estate was an equity of redemption only. It could be no greater estate for the reason that the grantor had no greater estate to convey. It is claimed, however, that the taking up of the old notes and giving others was a payment and satisfaction of the indebtedness, as respects the rights of the mortgagee, at least in so far as it was secured by the mortgage ; but the law is well settled that the substitution of the new note, is not a payment or release of the mortgage even as to subsequent purchasers. Jones on Mortgages, § 927, and cases therein cited. “ A mortgage secures the debt and not the note, or bond, or other evidence of it.” Ibid. § 924. See also Hilliard on Mortgages, 4th ed. 476. Numerous other authorities might be cited to the same point. Indeed, in Rice v. Dewey, 54 Barb. 455, it was said that “No case can be found holding that a mortgagee, whose mortgage is duly recorded, loses any right by neglecting to give personal notice of such mortgage to a purchaserand in Fisher v. Mossman, 11 Ohio St. 42, it was held that nothing short of fraudulent action on the part of the mortgagee will defeat hds rights under a mortgage duly recorded.
We should not have considered it worth while to cite any authority upon this question, were it not for the decision of a court of deservedly high standing in the case of Fry v. Shehee, 55 Ga. 208, where we find the following language: “ If the mortgagee indulges the mortgagor, for a consideration, until he becomes insolvent, such indulgence will make the purchaser’s title good.” A careful examination of the case (by no means satisfactorily reported), leaves it doubtful whether any such *473 question ever was so decided in it; but if it was, we can only say that we are unwilling to adopt it.

Judgment affirmed.