Burket, J.
The principal error relied upon is, that the circuit court erred in sustaining the demurrer to so much of the answer as pleads the fifteen years statute of limitations, and in overruling the demurrer to the petition.
*247 The first and second causes of demurrer were not well taken, and were properly overruled. A court in this state cannot take judicial notice of the laws or courts of another state. If there is no such court as the surrogate court of New York City, having jurisdiction of probate matters, such fact should be made to appear by answer. Upon demurrer, the facts in that behalf set up in the petition must be taken as true.
■ The demurrer as to the statute of limitations raises a more difficult question. Section 4977, provides that:'“An action for the recovery of the title or possession of real property can only be brought within twenty-one years after the cause of such action accrues.”
Section 4980 provides that an action upon a specialty, or an agreement, contract, or promise in writing, may be brought within fifteen years after the cause of action accrues.
Defendant in error contends that the case comes within section 4977, while the plaintiff in error contends that it comes within section 4980. ,
As to which is right, can only be determined by ascertaining the character of the action, as made by the petition. If it is an action for the recovery of the title or possession of real estate, it falls within the provisions of section 4977; but if it is an action on a specialty, or an agreement, contract,, or promise in writing, it falls within section 4980.
That the petition is, both in form and substance, a petition for the foreclosure of a mortgage and sale of mortgaged premises, can not be questioned ; and both the finding of facts and judgment of the court are in line with the petition.
*248 But it is urged, that such a proceeding is an action for the recoyery of the title or possession of real estate, as in the end the result of the proceeding is to deprive the mortgagor of the lands.
This leads us to an inquiry as to the legal effect of a mortgagee, and of a proceeding to enforce the same by action in court.
A mortgage of real estate is-regarded, in equity, as a mere security for the performance of its condition of defeasance, and where that condition is the payment of a debt, the security is regarded as an incident of the debt. Swarts v. Leist, 13 Ohio St., 419.
The mortgage being, in equity, regarded as a mere security for the debt, the legal title to the mortgaged premises remains in the mortgagor, as against all the world, except the mortgagee, and also as against him until condition broken, but after condition broken the leg-al title as between mortgagor and mortgagee is vested in the mortgagee. Allen v. Everly, 24 Ohio St., 97; Ely v. McGuire, 2 Ohio, 223; Hibbs v. Insurance Co., 40 Ohio St., 543, 559; Martin v. Alter, 42 Ohio St., 94.
A mortgage in its origin was in realty, what it still purports to be — an absolute sale of the lands by the mortgagor to the mortgagee, subject to be determined by performance of the conditions contained in the mortgage within the time therein specified, and upon failure to perform by the dajr named, the title to the lands became absolute in the mortgagee. On condition broken, the only remedy of the mortgagee was to take the lands for the debt, peaceably if possible, otherwise by ejectment.
Later on courts of chancery began to. regard the mortg’age as a mere security for the debt, and *249 to grant relief, to the mortgagor by allowing him a certain time, to be fixed by the chancellor, usually six months, in which to pay the debt and redeem the land; the decree in such cases provided that in case the mortgagor should fail to pay the debt within the time so fixed, that his right to redeem should be forever cut off and barred, or as it was usually expressed, foreclosed. Ohio Forms and Practice, by Wilcox. 2nd Ed., 794.
Upon his failure to pay the debt within the time ,so fixed, the mortgagee became the absolute owner of the lands in fee, and thereby the debt was discharged.
Still later on, and about the beginning of the present century, courts of chancery, by degrees, adopted a further rule of practice, whereby the mortgagee was allowed, at his election, to either foreclose his mortgage and take the land for the debt, or to have the mortgage foreclosed, the equity of redemption cut off, and then have a master sell the land by order of the court and apply the proceeds to the payment of the debt, rendering any surplus to the mortgagor, and in ease of a deficiency have execution awarded in his favor therefor.
This rule of practice of the -courts of chancery ordering a sale of the mortgaged premises, met with so much favor that in many of the states it was enacted into statute.
In England, by statutes 15 and 16 Viet., eh. 86, section 48, the court, at the request of either party to a foreclosure suit, may direct a sale of the mortgaged property instead of decreeing- a strict foreclosure.
In our own state, the right to foreclose a mortgage' after condition broken, either by a strict *250 foreclosure, or by a foreclosure and sale of the mortgaged property, continued down to the adoption of the code of civil procedure in 1853. By sec. 374 of the code, now section 5316, Revised Statutes, it is provided that: “When a mortgage is foreclosed, a sale of the premises shall be ordered.” This prohibits a strict foreclosure in this state, and now, after condition broken, if the mortgagee appeals to the courts to enforce his mortgage, he must elect between two remedies. He may sue for the recovery of the possession of the land in a real action in the nature of ejectment, using his mortgage to prove his title; or, he may sue for a foreclosure of his mortgage, and a sale of the mortgaged premises.
After condition broken, the title is vested in the mortgagee, as between him and the mortg-agor, and as the right of the mortgagee to recover the possession of the land by ejectment, always existed at common law, and has not been taken away by statute, it still exists in this state. Heighway v. Pendleton, 15 Ohio, 735; Allen v. Everly, 24 Ohio St., 97; Hibbs v. Insurance Co., 40 Ohio St., 543-559; Rife v. Lybarger, 49 Ohio St., 427.
If such right does not exist, then it must be clear that an action on a mortgage is not a direct proceeding for the recovery of title or possession of real estate. Is title or possession recovered in such an action indirectly, or at all? Conceding such right of ejectment to exist, as we do, what is the result ?
In case of a strict foreclosure in chancery, if the mortgagee was out of possession, his foreclosure had no further effect than to cut off the right to redeem, and after foreclosure he was still compelled to bring ejectment to obtain possession. *251 Sutton v. Stone, 2 Atkyns, 101; Ohio Forms and Practice, by Wilcox, 2nd ed., 795, note a.
A strict foreclosure, was, therefore, in no sense a recovery of either title or possession, because he already had the title vested in. him, and the strict foreclosure did not give him possession.
The same is true of a foreclosure and sale under the code. The right to redeem is cut off by the foreclosure, but no title is thereby recovered by the mortgagee, because the title, as between him and the mortgagor, is already in the mortgagee. No possession is thereby recovered, because a strict foreclosure did not award possession. Some attorneys improperly incorporated into the decree for foreclosure an order for a writ of possession. An instance of the kind is mentioned in the case of Allen v. Everly, 24 Ohio St., on page 109. The authorities are, however, against such practice. Lansing v. Goelet, 9 Cowen, 346; Sutton v. Stone, 2 Atkyns, 101.
The sale ordered and made by virtue of the code, is only an additional step added to a strict foreclosure (and not a change of the nature of the action), and thereby a transfer is made of the title and possession of both mortg-agor and mortgagee to a purchaser for value. The deed of the sheriff as completely transfers to the purchaser the title and rig-ht of possession as would a joint deed made by both mortgagor and mortgagee. In such .case, instead of á recovery of title or .possession by the mortgagee, all title and possession already in him, under the mortgage, is transferred to the purchaser.
True, in case the mortgagee buys in the land at the sale made by the sheriff, the land is transferred to him by the sheriff’s deed, but such transfer is *252 to him as a purchaser and not as a mortgagee. In such case the mortgagee no more recovers the title or possession, than would a purchaser who is a-stranger to the suit.
.A sale on foreclosure is no more a recovery of „ title or possession, than a sale made by order of court to satisfy mechanics’ liens, or judgment liens.
It is therefore clear, that an action for the foreclosure of a mortgage and sale of mortg’aged premises, is not an action for the recovery of the title or possession of real property, and the limitation provided for in section 4977 does not apply thereto.
Does the limitation provided for in section 4980 apply to such action?
Blackstone in his Commentaries, vol. 2, page 465, says: “Debts by specialty, or special contract, are such whereby a sum of money becomes, or is acknowledged to be due by deed or instrument under seal.” See also Tyler v. Winslow, 15 Ohio St., 364.
Again, a specialty is defined to be: “An obligation or contract under seal; an instrument sealed and delivered.”
Am. & Eng. Ency. of Law, vol. 22, page 905.
In the case of Stockwell v. Coleman, 10 Ohio St., the court say on page 40, that: “The term specialty, in the strict and early use of the word, was regarded as only applicable to bonds, deeds, or other instruments under seal."
In the case of Marriott v. Thompson, Willes Report, the court say on page 189: “Whenever a man by deed obliges himself to pay money to another, it is a debt by specialty.”
*253 A mortgage is an instrument whereby a debt or duty is acknowledged tobe due or owing to another, and very often an agreement, contract, or promise in writing, is also contained- therein. In 1868, when the mortgage in question was executed, the law required a mortgage to be under seal, that is, sealed and delivered.
It is, therefore, clear that a mortgage is a specialty, and that an action for the foreclosure thereof and sale of the premises, comes within the provisions of section 4980, and is barred in fifteen years after the cause of action accrued, unless extended by virtue of the provisions of section 4992. No such extension of time appears in this case, and it therefore follows that the circuit court erred in overruling the third cause of demurrer to the petition, and in sustaining the demurrer to so much of the answer as pleads the statute of limitations, and in the judgment rendered against the defendants below.
The case of Longworth v. Taylor, 2 C. S. C., 39, which seems to regard the limitation in such cases to be twenty-one years, is very meagerly reported, and there is some error or mistake, either in the report of the case or in the decision thereof. The syllabus is certainly not now law in this state.
The case of Fisher v. Mossman, 11 Ohio St., 42, correctly holds that the bar of the note, or other instrument secured by mortgage, does not necessarily bar an action on the mortgage. The ease does not show that the action was commenced more than fifteen years after it accrued, and also fails to show that the fifteen years’ statute was pleaded against the action on the mortgage. The only statute which the opinion of the court mentions, is the four years statute in favor of administrators.
*254 The case does not decide that the statute of twenty-one years applies to an action for the foreclosure of a mortgage.
Neither does the case of Baily v. Smith, 14 Ohio St., 396, 411, so decide. Both of these cases have often been cited- as holding that an action for the foreclosure of a mortgage and sale of mortgaged premises, is not barred short of twenty-one years; but a careful examination of these cases will show that no such question is decided in either of them.
The case of Riddle v. Howenstein, 16 Bull., 178, decided by the Commission May 29, 1883, was not carried into the reports, because it was not, upon reflection, regarded as sound law.
A mortgage may be made to secure an account, and an action on account may be barred in six years, while an action on the mortgage would not be barred short of fifteen years.
The payment of the account would extinguish the right of action on the mortgage, and in an action for the foreclosure of the mortgage after action on the account is barred, the presumption of. payment of the account arising from the lapse of time, mig’ht be used as an item of evidence to prove payment, but such presumption would not be conclusive and might be overcome by satisfactory proof showing that in fact such account remains unpaid. In such case the lapse of six years is not the equivalent of payment. The condition of the mortgage is for payment of the account, and not for its bar by the statute of limitations. Allen v. Everly, 24 Ohio St., 97; Bissell v. Jaudon, 16 Ohio St., 498.
But when a note is secured by mortgage, the statute of limitations as to both is the same; and therefore the mortgage will be available as a secu *255 rity to the note in an action for foreclosure and sale until the note shall be either paid or barred by the statute; but in such case an action for foreclosure and sale can not be maintained on the mortgage after an action on the note shall be barred by the statute of limitations. The judgment of the circuit court is reversed, and judgment rendered on the findings of facts in favor of defendants below.

Judgment reversed.