## TAKING A MORTGAGE OUT OF THE STATUTE OF LIMITATIONS.

[Circuit Court of Cuyahoga County.]

EDWARD DAVID, ADMINISTRATOR OF THE ESTATE OF JOHN W. MORGAN, DECEASED, v. CAROLINE E. FAUBLE ET AL.

Decided, February 4, 1907.

*Mortgage—Statute of Limitations—Not Barred, but Mortgage Taken Out of the Statute—By Acknowledgment of in Subsequent Mortgage—Foreclosure—Restriction of Defense of Statute of Limitations to its Spirit.*

1. A recital in a mortgage that it is "subject to" a prior mortgage between the same parties, and upon the same premises, is a sufficient "acknowledgment" within the provision of Section 4992, Revised Statutes of Ohio, to take said prior mortgage out of the operation of the statute of limitations.
2. There may be a foreclosure of a mortgage taken out of the operation of the statute of limitations by a written acknowledgment of the mortgage signed by the mortgagor, notwithstanding an action on the note secured by said mortgage may be barred by said statute.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Appeal by defendant, Caroline E. Fauble.

This is an action to foreclose two mortgages upon the same premises, both given by the defendant, Caroline E. Fauble, and both now held by the administrator of the estate of John W. Morgan, deceased.

The petition has two causes of action.

The first cause of action sets up a mortgage given February 17, 1871, by Caroline E. Fauble, her husband, Michael J. Fauble, joining with her, to William S. Jones, to secure a note for $300 of said date, due in three years, given by her husband, Michael J. Fauble, to said Jones. It recites that said Jones duly assigned said note and mortgage to said John W. Morgan on October 10, 1883, and that no payments were ever made upon said note except the first six months' interest. This mortgage was duly recorded February 20, 1871, in Vol. 182, page 539 of Cuyahoga

county records. It further recites that on January 30, 1893, said Caroline E. Fauble duly executed and delivered to said John W. Morgan another mortgage of said premises to secure her note of said date for the sum of $500, payable to said Morgan five years after date, and that in this second mortgage is contained the following recital:

"This conveyance is made subject to a mortgage executed by Caroline E. Fauble and Michael J. Fauble to William S. Jones, for the sum of $300, and recorded February 20, 1871, in Vol-182, page 539 of Cuyahoga county records."

Reliance is had upon this recital in the second mortgage to remove the bar of the statute of limitations from the first mortgage.

To this first cause of action a demurrer was filed.

The second mortgage is set up in the second cause of action in which it is admitted, however, that the note secured by said mortgage has been lost and can not be found.

The defense to this mortgage is that said Caroline E. Fauble was the sister of John W. Morgan and that he forgave her her debt and destroyed said note before his death.

As to the demurrer to the first cause of action:

Manifestly the note recorded by the first mortgage is barred by the limitation of the statute, which is fifteen years. The mortgage, also, is barred by the same statute, unless the recital in the second mortgage is an "acknowledgment" thereof within the purview of Section 4992, Revised Statutes, so as to authorize the bringing of an action to foreclose said mortgage within fifteen years from the date of said second mortgage, which was January 30, 1893.

The wording of this section of the statutes was slightly changed upon the adoption of the revision of the statutes, June 20, 1879, but, under the facts in this case, that is of no consequence. True, the mortgage having been given when the old statute was in force, that statute would apply until the limitations therein provided had run out, which was in 1889 (*Herseley v. Billingsley*, 19 O. S., 413). But the fifteen years having expired before the acknowledgment or new promise was made,

the statute then in force applies (*Brooks* v. *Otis*, 2 O. D., Rep., 355).

It is claimed that the words used in the recital in the second mortgage do not amount to an acknowledgment of the former mortgage. In the recital it is said that the second mortgage is made "subject to" the former mortgage. We are inclined to think that this clause clearly recognizes that the former mortgage is existing and that the mortgagor is willing to discharge it. *Bissell* v. *Jaudon*, 16 O. S., 498.

Such was the opinion of the Supreme Court of Iowa in *Palmer* v. *Butler*, 36 Iowa, 576, a case very much like this and one that has been cited with approval by all the standard text-books on limitations and mortgages.

The contention of counsel for defendant that though an acknowledgment of the mortgage may take it out of the statute, still there can be no foreclosure of it, because the note which it secures is barred, is not maintainable.

It is claimed that the case of *Kerr* v. *Lydecker*, 51 O. S., 240, is authority for this contention, and general language used in the concluding paragraph of the opinion in said case would seem to warrant the claim. But the syllabus is carefully limited, and reads as follows:

"A mortgage is a specialty, and an action for its foreclosure and sale of the premises comes within the provisions of Section 4980, Revised Statutes, and the period of limitation is fifteen years, *unless extended by virtue of Section 4992, Revised Statutes.*"

On page 254 of the opinion the court also says:

"A mortgage may be made to secure an account, and an action on account may be barred in six years, while an action on the mortgage would not be barred short of fifteen years."

The court also says (page 253):

"The case of *Fisher* v. *Mossman*, 11 Ohio St., 42, correctly holds that the bar of the note, or other instrument secured by mortgage, does not necessarily bar an action on the mortgage."

The latter case quoted with approval from the leading case of *Belknap* v. *Gleason*, 11 Conn., 160, to the effect that "where

a security for a debt is a lien on property, personal or real, that lien is not impaired in consequence of the debt being barred by the statute of limitations."

So we conclude that though the remedy on the note is gone, the right remains, the debt is not paid, and the remedy on the mortgage still exists, being extended by the acknowledgment.

Speaking generally of the defense of the statute of limitations, we quote from *Bradfield* v. *Hale*, 67 O. S., 316, 325:

"While such a defense is not received with disfavor, and is regarded as one of merit, it has not yet become a special favorite of the law so as to justify extending it beyond the letter and spirit of its enactment."

As to the second cause of action:

The testimony on this subject was deficient in two particulars—

It is not at all certain that the note was destroyed before John W. Morgan's death. All we know is that it can not now be found. After his death his papers passed through the hands of two persons before they came to the hands of the administrator. One of these persons was an imbecile relative of the defendant and the deceased. The note might have been lost after Mr. Morgan's death.

Again the testimony relied upon to prove a gift is too general. It is said that the deceased previous to his death repeatedly said that he did not want to leave any "debts" against his sister, the defendant; that she would have nothing to pay after his death, etc.

The slight presumption arising from such statements that he destroyed the note in pursuance of his promise to hold no claims against her is rebutted by the finding of the note secured by the first mortgage. To carry out his general promises, if they amount to promises, he should have destroyed both notes.

The demurrer to the first cause of action is overruled and judgment is rendered in favor of the plaintiff on both causes of action.

*Edward David, J. C. Heald,* for plaintiff.

*C. F. Morgan,* for defendant.