Barker v. Guilliam and Chapline.

---

BARKER *v.* GUILLIAM and CHAPLINE.

Where a judgment *in rem* was obtained by F. against a steamboat, and while the action was pending, and before judgment was rendered, the defendants bought the boat; and where after the judgment was recovered, the defendants, in consideration that F. would forbear to sell

said boat on said judgment promised to pay said judgment, when re-
quested, within a reasonable time; and where F. assigned the judg-
ment and the claim on which it was founded, in writing; and where
the assignee brought an action in his own name, on the promise of de-
fendants; *Held*, 1. That the promise was not one to answer for the
debt, default, or miscarriage of another, and was not within the stat-
ute of frauds; 2. That the promise was made upon a good considera-
tion; 3. That the promise to F. enured to his assignee, and he might
sue in his own name.

## *Appeal from the Dubuque District Court.*

### TUESDAY, JANUARY 26, 1858.

At the May term of the Dubuque district court, 1855,
James Fishner recovered a judgment against the steam-
boat Hamburg, for the sum of $246.90, for wages. Dur-
ing the pendency of this action, and before judgment, the
defendants bought the steamboat. After the judgment was
recovered, Fishner assigned the same to the plaintiff, with
the demand on which it was founded. Barker now brings
his action, alleging the above matters, and that in consider-
ation that Fishner would forbear to sell said boat upon his
said claim, the defendants promised that whenever so re-
quested within a reasonable time, they would pay the amount
of the above claim to the said Fishner; that defendants,
though often requested, have not paid the same; and that
on the 5th of September, 1855, Fishner assigned the said
demand to him, by a written instrument. The instrument
referred to, is a full assignment of this judgment by de-
scription, and of the demand on which it is based. To
this petition the defendants demurred: 1. Because the
suit is brought on a judgment against the boat, for which
defendants are not liable; and, 2. Because the promise al-
ledged, was made to Fishner, which promise could not be,
and was not assigned to the plaintiff. The defendants also
filed their answer, it being *de bene*, according to our prac-
tice. They answer: 1. *Non assumpsit;* 2. *Actio non*, be-
cause, if such promise was made, it was not in writing, and
it was a promise to answer for the debt, default or miscar-

riage of another.   Replication, that the promise was not one to answer for the debt, default or miscarriage of another. The defendants' demurrer to the plaintiff's petition was overruled. The cause was then submitted to the court, who found the issue for the plaintiff, and rendered judgment for the sum of two hundred and seventy-seven dol_ lars and seven cents, and costs.

*Samuels & Cooley*, for the appellants.

*Burt & Barker*, for the appellee.

WOODWARD, J.—The first assignment of error is, that the suit is brought on a judgment recovered against the steamboat Hamburg, whilst defendants had no interest in her, and yet the court decided that, as they subsequently purchased an interest in her, they were liable personally for this judgment.   As we understand the case, the court did not decide this, but its decision falls under the next assignment.

The second asignment is, that the court erred in deciding that a verbal promise by defendants to the assignor of the plaintiff, after purchasing an interest in the boat, that on certain conditions, they would pay the judgment, could be assigned by the creditor, (Fishner), to the plaintiff, and that he was not entitled to recover thereon. The third error assigned rests on the decision, that the promise was not one to answer for the debt, default or miscarriage of another, and that it was not within the statute of frauds. In the pleadings, the parties made the issue, (as of fact), that the promise was not within the statute of frauds.   This was a false issue, being one of law, and not of fact. The fourth is alleged to lie in overruling the demurrer and pleas of defendant.

It will be convenient to dispose of these last two assignments, first.   The fourth is but a summary of the others. On the third, we concur in the opinion of the court below. the plaintiff's claim was a lien on the boat, and in this position of things, the defendants purchased her; and then

in order to prevent a sale, agreed with the judgment creditor, that they would pay the claim, if he would not sell. The promise was made upon a good consideration; and, in our view, it does not savor of an undertaking to answer for the default or debt of another. There is no third person for whom they answer. And it is their own property which they seek to save from sale. *Westheimer* v. *Peacock*, 2 Iowa, 534.

The only question of any considerable doubt, is whether the present plaintiff can avail himself of the promise made to Fishner. If the action had been brought in the manner formerly usual, that is, in the name of Fishner, for the use of Barker, it would not be contended, it is presumed, that the promise had lost its force, but the assignee would receive the benefit of it, through the use of the name of the assignor. Then does the fact, that the statute permits the assignee to sue in his own name, cut him off from the benefit of it? No good reason is perceived for so holding.

Again: suppose the promise had been, that if Fishner would withhold from selling, for the space of one month, they would pay the debt at the end of that time; and suppose that during the month, Fishner assigned the judgment and claim, as he has in this case, and the assignee still withholds the sale, could we hold that the promise is gone? The defendants have received, and are receiving, the benefit of the agreement, and we do not readily apprehend what principle of law or equity should discharge their obligation. To urge that the promise was made to one person, and the demand is now held by another, is but adhering rigidly to the mere terms and form of the contract, and overlooking its more important essence. Properly speaking, the promise is not personal to Fishner, but is made in respect to the demand — or in respect to the boat and its liability to the demand — and if the assignee witholds the sale, as the assignor contracted, the promise must enure to the benefit of such assignee. In such case, the consideration moves in part from the assignee. Although there is some difficulty in arriving at an entirely satisfactory con-

clusion, yet on the whole, we believe the promise enures to the benefit of the assignee; and, under our statute, he may sue in his own name. Therefore the judgment of the district court is affirmed.