SMITH v. FOSTER ET AL.

1. **Statute of Limitations:** MORTGAGE: REDEMPTION. An action to redeem from a mortgage is barred in the same time in which the statute would bar the right to recover the mortgage debt by an action at law.

*Appeal from Kossuth Circuit Court.*

FRIDAY, OCTOBER 20.

ACTION to redeem from a mortgage which is in form an absolute conveyance. The petition avers in substance that on the 14th day of April, 1859, the plaintiff borrowed of one Thomas J. Foster, now deceased, $120, and for the purpose of securing said sum, made to said Foster his promissory note for $240, payable on the 1st day of June, 1861, and also on the same day executed to him a deed of warranty of certain land; that said Foster left as his widow the defendant, Jane Foster, now Jane Given, and as his heirs the defendants, Albert A. Foster and Lorenzo W. Foster; that in April, 1864, the said Jane, as pretended administratrix of the estate of said T. J. Foster, made a pretended deed of said land to the defendant, the said A. A. Foster; that said deed, however, is void for the reason that said Jane was not administratrix of said estate; that she was never appointed thereto; that she never took any oath or filed any bond as administratrix; that no petition was filed in any court, or notice of any kind given of the place or hearing of a petition for leave to sell said premises, or any part thereof; that no order was made by any court for the sale of said land; that said deed was never approved by any court or judge, and that no sale was in fact made. The petition further avers that the said note is still unpaid; that

the defendant, Hiram A. Matson, has been in possession of the premises for three years, and has cut and carried away large quantities of timber and fire-wood. The petition asks that an account be taken of the trespasses, rents and profits and note aforesaid; that the plaintiff have judgment against said Matson therefor, after deducting the amount of the note; that the said conveyances be cancelled of record, and the title quieted in the plaintiff.

The defendants among other things pleaded, substantially, though very informally, the statute of limitations. The court decreed that the said conveyances be cancelled, and that an account be taken. Defendants appeal.

*Parsons & Lewis* and *Cravath & Birge*, for appellants.

*Duncombe, O'Connell & Springer, Geo. E. Clarke* and *J. N. Weaver*, for appellee.

ADAMS, J.—An action to foreclose a mortgage is barred within the same time within which an action at law to recover the mortgage debt would be barred. *Newman v. De Lorimer,* 19 Iowa, 244. As the rights of the mortgagor and mortgagee are reciprocal and commensurable, redemption under the mortgage will be cut off at the expiration of the same time. *Green v. Turner,* 38 Iowa, 119; *Crawford v. Taylor, Richards & Burden,* 42 Id., 260. In the present case the note matured June 1st, 1861. The suit was brought May 1st, 1873. It is true it is averred in the petition that the said T. J. Foster was a non-resident of Iowa, from 1860 to 1865. But this is denied by the answer and not proven by the evidence. No action to redeem, therefore, can be maintained. Can the action be maintained as an action to cancel the mortgage on the ground that it has been paid? We think not. It is averred in the petition that the mortgage is unpaid, and there is no evidence to show it was paid. There is a claim for rents and profits. In the face of the averment, however, that it is unpaid we could hardly hold that it has been paid by the rents and profits, even if the evidence showed that to be the fact.

1. STATUTE of limitations: mortgage: redemption.

But the evidence does not show that to be the fact. It shows Matson to have been in possession, but it does not show that he was in under the mortgage. For anything which appears either in the pleadings or evidence he was a mere trespasser. Indeed the petition prays that an account be taken of the trespasses. It may be that Matson claimed to hold through the said administratrix' deed, but there is neither averment nor evidence of such fact. Besides, if the estate held only a mortgage interest, it would not pass by an administrator's sale and conveyance of the land. Matson was not liable to account as holder of the mortgage. In no sense, then, could the mortgage be regarded as paid. The conclusion at which we have arrived renders it unnecessary to consider any of the proceedings subsequent to the decree for an account.

REVERSED.