# WILLIAM L. WEBBER, EXECUTOR FOR JESSE HOYT v. JOHN RYAN AND MARY ANN RYAN.

### *Outlawry—Foreclosure—Burden of proof.*

1. The fact that a note is outlawed does not prevent the foreclosure of the mortgage which secures it.

2. Where a mortgager is an employee of the mortgagee, and the latter's agent keeps the accounts, and it is understood that moneys coming through him to the mortgager are to be applied on the mortgage, the mortgagee, to entitle himself to a decree on foreclosure, must make a clear case and a full exposition of the accounts, especially if several years have been allowed to pass without attempting to enforce payment, or to secure it except by labor.

Appeal from Tuscola. (Wixson, J.) Apl. 16.—June 11.

FORECLOSURE bill. Complainant appeals. Affirmed.

*Tarsney & Weadock* for complainant. Defendant in foreclosure has the burden of proving payments which he claims to have made : *Lyon v. McDonald* 51 Mich. 435.

*Frank L. Fales* and *H. P. Atwood* for defendants.

COOLEY, C. J. The bill in this case is filed to foreclose a mortgage given by defendant John Ryan and Mary Ann, his

wife, to Jesse Hoyt, to secure the payment of a note of one thousand dollars, with ten per centum interest, dated November 25, 1873, and payable in one year thereafter. The mortgage bore even date with the note. The bill was filed April 13, 1882, and it claimed the whole amount of the note with interest, as unpaid. The defendants answered, insisting that the whole amount of the note had been paid, and the circuit court so found on the evidence. The complainant appealed.

It appears from the evidence that the mortgagee resided in New York, but was a large property owner in the Saginaw valley, and carried on lumbering and other operations there. Mr. William J. Bartow was his general agent in the charge of his property and of these business operations. Ryan was a laboring man, and took jobs of clearing land, building fence, and getting in saw-logs. He had such jobs from Bartow as agent for Hoyt in 1870 and 1871. In 1872 Bartow applied to him to take an unfulfilled contract for lumbering off the hands of one Weaver, who was likely to fail in its fulfillment, and Ryan consented to do so. But he was without much means, and required advancements to enable him to meet the expenses before the contract was fully completed, and the note and mortgage now in suit were given for moneys advanced by Bartow for this purpose. A further sum of eight hundred dollars advanced for the same purpose was secured by a chattel mortgage.

Ryan claims that during the winter of 1872–73 he got out for Hoyt a quantity of logs, which were not sent forward by river, as was intended, the following season, but which he was to be allowed for when they were received, and that he has never been credited for them. It is denied by complainant that there were any such logs not credited, and both parties have taken proofs on the subject. We are of opinion that the preponderance of evidence on this subject is with the defendant, and that Ryan is entitled to credit for the logs as he claims.

In 1874, and for two or three years afterwards, Ryan furnished to Bartow, for the use of a plank-road company of

which Bartow was manager, a large quantity of oak plank, for which he was not fully paid. Ryan claims to have understood that he was furnishing the plank to Bartow as agent for Hoyt; but this seems not to have been the fact. It is admitted by Bartow, however, that Ryan was to have some part of the money coming to him for the plank applied on one of the mortgages, and it is not surprising that Ryan received the impression he did as to the party who was to account to him for the plank, especially as he was, at the same time, dealing with Bartow as Hoyt's agent, and taking jobs from him in that capacity. The plank-road company is now insolvent, and Ryan apparently has no prospect of payment from that source.

The other jobs taken by Ryan need not be mentioned. He did not keep regular books, and had to rely upon Bartow for the accounts, and there is every reason to believe that Bartow fully understood this. In view of this fact, and of the variety of dealings which had been had with Bartow, as agent and as manager for the plank-road, and especially of the great lapse of time, it was particularly incumbent upon Bartow to make a complete exposition of the accounts in this suit. Remedy upon the note was barred; and though this did not preclude a foreclosure of the mortgage if anything remained unpaid, it fairly charged the complainant, in connection with the other facts, with the duty of showing that, in some way, Ryan had been paid for all the jobs he had done for Hoyt. The price for his services on the several jobs was a legitimate offset to the mortgage, and should be applied unless otherwise satisfied. We do not think that complainant has in this case borne the burden of proof which the circumstances cast upon him, and made the showing which equity required.

Taking into account the long delay, without any attempt to enforce or secure payment unless by the labor, which must necessarily cast some suspicion upon the case now made, (*Lashbrooks v. Hatheway* 52 Mich. 124,) and the admitted fact that Ryan for a large portion of the time has been at work for Hoyt, and that only Bartow was supposed to keep

full and business-like accounts, we agree with the circuit judge that complainant's case is not satisfactorily made out, and that the bill ought to have been dismissed.

The decree to that effect will therefore be affirmed.

The other Justices concurred.