LUKE R. DAMON v. REBECCA DEEVES.

*Married woman's mortgage to secure another's debt.*

1. A married woman, in Michigan, is as much at liberty as a spinster to create express liens on her property for any lawful purpose; she can mortgage it to secure another person's debt, even if her note therefor be not binding.

2. The validity of a mortgage does not depend on the right to enforce personally the note secured by it, and its lien is not destroyed even when the personal claim is defeated by the statute of limitations or by bankruptcy.

Error to Monroe. (Joslyn, J.) May 13.—June 10.

EJECTMENT. Plaintiff brings error. Reversed.

*Westerman & Westerman* for appellant. Contracts by married women for the purchase of property on credit have been upheld : *Tillman v. Shackelton* 15 Mich. 447 ; husband and wife may make conveyances of lands directly to each other : *Burdeno v. Amperse* 14 Mich. 91 ; a married woman may mortgage her lands for the debt of her husband : *Watson v. Thurber* 11 Mich. 457 ; or may deed them : *Farr v. Sherman* 11 Mich. 33 ; a conveyance by mortgage comes clearly within the power given her by statute, and she must judge for herself whether it is for her interest to give it or not : *De Vries v. Conklin* 22 Mich. 255 ; *West v. Laraway* 28 Mich. 464 ; *Russel v. People's Savings Bank* 39 Mich. 671 ; she has the same right to contract, sell, transfer, mortgage, convey, devise and bequeath her property, and with the like effect as if she were unmarried : *Tillman v. Shackelton* 15 Mich. 447.

*C. A. Stacy* for appellee. A married woman can not give a note for a debt that is not hers, and the consideration of which does not concern her separate estate : *Edwards v. McEnhill* 51 Mich. 161 ; *Schlatterer v. Nickodemus* 51 Mich. 626 ; *Buhler v. Jennings* 49 Mich. 538 ; *Kenton Ins. Co. v. McClellan* 43 Mich. 564; *Reed v. Buys* 44 Mich. 80 ; *West v. Laraway* 28 Mich. 464 ; *Emery v. Lord* 26 Mich. 431 ; *De Vries v. Conklin* 22 Mich. 255 ; *Gants v. Toles* 40 Mich. 725 ; *Ross v. Walker* 31 Mich. 120 ; *Kitchell v. Mudgett* 37

Mich. 81 ; *Jenne v. Marble* id. 319 ; *Carley v. Fox* 38 Mich. 387 ; *Johnson v. Sutherland* 39 Mich. 579.

CAMPBELL, J.  Plaintiff brought ejectment on a valid foreclosure sale under a mortgage given by defendant, on which she was in default.  The only defense made, and which prevailed, was that the mortgage was given to secure a note signed by defendant, who is a married woman, and that the note was not for her own benefit, but to secure a liability of a son-in-law.  The circuit judge held that, inasmuch as a married woman cannot become personally bound as a surety, the note was void, and the mortgage was, for the same reason, void.

We think this was erroneous.  There is no restriction under our Constitution and statutes which will prevent a married woman from creating express liens on her property for any lawful purpose that could be the foundation of such action on the part of an unmarried woman.  A mortgage to secure another person's debt is valid beyond question.  That was really the purpose of this mortgage.  The right to enforce a note personally is not necessary to make a mortgage securing it good.  The defense of the statute of limitations or bankruptcy may defeat altogether any personal claim, but will not destroy the mortgage lien.  *Michigan Ins. Co. v. Brown* 11 Mich. 265 ; *McKinney v. Miller* 19 Mich. 142 ; *Powell v. Smith* 30 Mich. 451.

As defendant saw fit to give an express mortgage security upon a lawful consideration, we do not think it is invalidated by the fact that she cannot be sued on the note.  Under the old decisions upon equitable separate estates, such a note would have bound her separate estate without a mortgage.  Under our decisions the lien must be express.  But there is no reason for holding that such a note will vitiate a security which refers to it as descriptive of the debt secured.  The intention of the mortgage is lawful, and the lien on the property is clearly defined.  Nothing more is needed to bind the land.

The judgment must be reversed with costs and a new trial granted.

SHERWOOD and CHAMPLIN, JJ., concurred.