GEORGE F. HARDING

*v.*

HENRY S. DURAND.

*Filed at Ottawa October 31, 1891.*

1. STATUTE OF LIMITATIONS—*equitable remedy, when barred—mortgage foreclosure.*  Where there is a legal and an equitable remedy in respect to the same subject matter, the latter is under the control of the same statutory bar as the former.  If, therefore, an action at law on a note would be barred by the statute, a bill to foreclose a mortgage given to secure the same will also be barred.

2. SAME—*construed—notes executed within or without the State.*  The first section of the act of 1849, limiting actions upon promissory notes, etc., to sixteen years after the cause of action has accrued, applies to notes executed within or without the State, alike.

3. EVIDENCE—*in avoidance of Statute of Limitations—allegations in the bill.*  On a bill to foreclose a mortgage, to which the Statute of Limitations is interposed as a defense, the complainant can not give in evidence a new promise or evidence of the absence of the mortgagor from the State in avoidance of the bar, unless such matter of avoidance is alleged in the bill.

4. CHANCERY PLEADING—*avoidance of bar of Statute of Limitations.*  The rule in chancery cases, where the Statute of Limitations is interposed as a defense, and it is intended by the complainant to rely upon grounds of exception which prevent the bar of the statute, is to allege those grounds in the bill.  This may be done by an amendment to the bill.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. WILLIAM J. AMMEN, for the appellant:

As to *laches,* see *Howe* v. *South Park Comrs.* 119 Ill. 101; *Carpenter* v. *Carpenter,* 70 id. 557; *McDonald* v. *Stow,* 109 id. 45; *Castner* v. *Walrod,* 83 id. 171; *Whipple* v. *Whipple,* 109 id. 424; *Hoyt* v. *Institution,* 110 id. 390; *McHany* v. *Schenk,* 88 id. 357.

Mr. CHARLES A. WORKS, for the appellee:

The Statute of Limitations which bars the debt can alone bar the mortgage.    *Medley* v. *Elliott,* 62 Ill. 532; *Hagan* v. *Parsons,* 67 id. 170.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Bills were filed in the circuit court to foreclose two mortgages, and by an order of the court, made after the filing of the bills and before hearing, the suits were consolidated. The mortgages were made to secure the payment, each, of a promissory note for $2000, with interest at ten per cent per annum from date. The mortgages and notes were made in Wisconsin. where the parties then resided, but the lands included in the mortgages are in Winnebago county, in this State. The notes matured on the 15th of February, 1860. The bills were not filed nor summons served until in 1878.

Among the defenses set up and relied upon in the answer is that of the Statute of Limitations. The rule is, where there is a legal and an equitable remedy in respect to the same subject matter, the latter is under the control of the same statutory bar as the former. (*Quayle* v. *Guild,* 91 Ill. 378; *Hancock* v. *Harper,* 86 id. 445; *Carter* v. *Tice,* 120 id. 277.) If, therefore, an action at law on these notes would be barred, these bills to foreclose are barred.

The statute controlling is the first section of the act of November 5, 1849, which provides that "all actions founded upon any promissory note * * * made * * * after the passage of this act, shall be commenced within sixteen years after the cause of action accrued, and not thereafter." (Gross' Stat. of 1869, p. 430.) This applies to promissory notes executed within or without the State, alike, and bars them after the expiration of sixteen years, which period had here expired on the 15th day of February, 1876,—more than a year before the bills were filed. Counsel for appellee, however, claims that there should be deducted from this, periods of absence from the State, and he also relies upon a subsequent acknowledgment of the debt within sixteen years. But there are no allegations in the bills under which proof in either of these respects is admissible. The rule in chancery, where the Statute of Limitations is interposed as a defense, and it is intended by the complainant to rely upon grounds of exception which prevent the bar of the statute, is to allege those grounds in the bill. This may be done, under our statute, by an amendment to the bill; but unless it is done either in the original bill or by an amendment thereto, the bar of the statute must prevail. *School Trustees* v. *Wright,* 12 Ill. 441; *Henry County* v. *Winnebago Drainage Co.* 52 id. 299; *Walker* v. *Ray,* 111 id. 315; *Switzer* v. *Noffsinger,* 82 Va. 518.

The judgment of the Appellate Court and the decree of the circuit court are reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Judgment reversed.*