MAY LEONARD WOODRUFF v. VACHEL H. ALBRIGHT, LUCY M. BETTS, *et al.*

No. 750.   (62 Pac. 250.)

1. PRACTICE. *District Court—Amended Petition—Continuance for Service.* Where an amended petition was filed by leave of court, setting up additional claims for relief against defendants who had not answered the original petition, it was error to refuse to continue as to said defendants for additional service and to dismiss said action as to them.

2. LIMITATION OF ACTION—*Assumption of Mortgage—Payment of Interest.* Where a person purchases land and assumes the payment of a mortgage thereon, and pays interest on said mortgage debt for several years after the same becomes due, said payments of interest prevent the running of the statute of limitations thereon.

Error from Pottawatomie district court; WM. THOMSON, judge.   Opinion filed September 12, 1900. Reversed.

*Irish, Brock & Smith,* for plaintiff in error.

*D. V. Sprague,* for defendants in error.

The opinion of the court was delivered by

WELLS, J.: On December 20, 1886, Vachel H. Albright, then the owner of the land mortgaged, together with his wife, Susan M. Albright, executed and delivered to John D. Knox & Co. two promissory notes for $500 each, payable one in three years and

8—10 KAN. APP.

one in five years from said date, secured by a mortgage on real estate. These notes and mortgage were sold and assigned to the plaintiff in error herein, May Leonard Wells, now May Leonard Woodruff. On September 22, 1888, said Albright and wife executed and delivered their promissory note for $700 to Lucy M. Betts, payable two years after the date thereof, and secured by a mortgage on the same real estate, this mortgage referring to the former mortgage of $1000.

On May 9, 1889, Albright and wife conveyed the land to John J. Wiss subject to the two mortgages hereinbefore referred to, amounting to $1700, which were assumed by said Wiss. The plaintiff in her petition alleged that on April 29, 1890, said Wiss and his wife conveyed the land to C. W. Lebow, subject to said mortgages, the same being assumed by said Lebow, and Lebow went into possession thereof and remained in possession until November 11, 1893, and while so in possession, on November 20, 1891, an extension agreement was made between Lebow and plaintiff, extending the time of the payment of the first-mortgage notes for five years from that date, and that on November 11, 1893, said Lebow and his wife reconveyed the land to John J. Wiss; but upon attempting to prove these allegations it was found that said extension agreement mentioned but one note of $1000, instead of two notes for $500 each, and the mortgage misdescribed the land by leaving out one subdivision in the description thereof, and the evidence was excluded.

On February 13, 1897, this suit was begun by May Leonard Woodruff against Albright and wife, Lebow and wife, John D. Knox & Co., John J. Wiss, and Lucy M. Betts. Service was had on all of the de-

fendants.   Lucy M. Betts alone filed an answer; all the other defendants made default.

Afterward an amended petition was filed, alleging, in addition to what was set up in the original petition, the mistake as to the description of the notes, and asking a correction thereof.   Lucy M. Betts filed an amended answer claiming a first lien for her $700 note and a foreclosure and sale of the property.   On September 12, 1898, the defendants Lebow filed an answer, which was a general denial only.   A reply to the Betts answer was filed, the same being a general denial.

When the case was reached for trial, the plaintiff asked for a trial as to the answering defendants and that as to the other defendants the case be continued for additional service.   Thereupon the court, over the objection and exception of the plaintiff, dismissed the case as to all the defendants who had not answered, and the trial was proceeded with as to the answering defendants.   Upon the conclusion of the plaintiff's evidence, the court sustained a demurrer thereto as to the foreclosure proceedings, but rendered judgment in her favor against the Lebow defendants upon two extension coupons, and, after hearing the evidence on behalf of the defendant Betts, rendered a decree foreclosing her mortgage and declaring the same a first lien on the land described.   To reverse this judgment the case is brought to this court.

The first question in the case for our consideration is, Did the court commit reversible error in dismissing the action as to the defendants who had not answered?   The plaintiff's attorney, after some colloquy between himself and the judge, asked for a trial against the parties who had answered and a continuance against the others for additional service.

Whereupon the case was dismissed as to the defendants who had not answered.    We think this was error. After an amended petition had been filed by leave of court, the plaintiff was entitled to time to notify those who were not in court of the additional allegations against them.

The only other question we think it necessary to consider herein is, Had the statute of limitations run on the plaintiff's claim?    John J. Wiss, who owned the land from 1889 up to the time of the trial, except while it was owned by Lebow, from 1890 to 1893, testified that he paid the interest due on plaintiff's claim as it became due, from November, 1893, to June 19, 1895.    This was such an admission of the validity of the claim as to prevent the bar of the statute of limitations.

The judgment of the district court dismissing the action as to the defendants who had not answered is reversed, and said court directed to continue the case as to them for service; and the judgment in favor of the answering defendants is reversed and a new trial of the issues between them and this plaintiff directed.