ED. FITZGERALD, Appellee, v. PETER FLANAGAN, Appellant.

**Mortgages:** LIMITATION OF ACTIONS. Under the statute an action on a note or real estate mortgage securing it must be brought within ten years from maturity of the debt, unless it has been renewed for a good consideration; and when the action for the debt is barred an action on the mortgage is also barred.

**Same:** RIGHT OF FORECLOSURE. The holder of a note and mortgage may bring an action thereon against the present owner of the land without making the original mortgagor a party; and if the original mortgagor is dead and the action is not barred the fact that the holder made no claim against his estate therefor will not defeat the right of foreclosure.

**Same:** PARTIES: SUBSEQUENT PURCHASERS: PERSONAL LIABILITY. Neither the administrator nor the heirs of a deceased mortgagor are necessary parties to an action to foreclose a mortgage against the present holder of the legal title, who has acquired the same through *mesne* conveyances from the original mortgagor: but no personal judgment can be taken against him unless he has assumed and agreed to pay the debt; however the land may be taken to satisfy the mortgage even though he did not assume to pay it.

**Same:** CONVEYANCE OF PROPERTY: EXCEPTION OF MORTGAGE. Where a mortgage is excepted from the convenants in a deed of the premises the exception qualifies all other covenants; and although the grantee does not assume the debt the property is subject to the mortgage and is the primary fund, from which it should be paid, although the mortgagor still remains the debtor.

**Same:** LIMITATIONS: WHO MAY PLEAD: REVIVAL OF ACTION. While the right to plead the statute of limitation is generally regarded as a personal privilege, still the grantee of the legal title to land subject to mortgage is in such privity to the original mortgagor that he may plead the bar of the statute; but this right is optional with him and not to be controlled by the mortgagor. And the grantee may waive the bar of the statute after action brought, or may revive the cause before suit is commenced.

**Same:** REVIVAL OF DEBT: PAROL EVIDENCE. The grantee of a mortgagor who takes the property subject to the mortgage may receive or keep alive the debt secured so as to render the mortgage enforce-

able against him, although perhaps he can not revive the debt so as to make it a personal obligation against the mortagor; and parol evidence is admissible to show that the grantee assumed and agreed to pay the mortgage indebtedness.

**Same:** CONVEYANCES: EXCEPTION OF MORTGAGE: PAROL EVIDENCE. A mortgagee may show by parol evidence that the mortgage was excepted from the covenants of a deed by the mortgagor.

**Same:** LIMITATIONS: REVIVOR: STATUTE OF FRAUDS. A definite extension of time of payment and forebearance to foreclose are a sufficient consideration to support the promise of a grantee of property to pay a mortgage thereon, which was excepted from the covenants of the deed to him; and such a promise is not within the statute of frauds.

**Same:** REVIVOR. A writing signed by the husband alone, sufficient to revive a mortgage upon land, a part of which constituted the family homestead, was not rendered ineffectual because not signed by the wife.

**Same:** EVIDENCE. Parol evidence is admissible to indentify a mortgage debt as that referred to in a writing relied upon as a revivor of the mortgage.
Weaver, J., dissenting.

*Appeal from Allamakee District Court.*—HON. L. E. FEL-LOWS, Judge.

WEDNESDAY, APRIL 10, 1912.

ACTION in equity to remove a cloud from plaintiff's title to land occasioned by the record of a mortgage given thereon by a prior owner, which mortgage is alleged to be barred by the statute of limitations. Decree as prayed, and defendant appeals.—*Reversed* and *remanded.*

*Wm. S. Hart,* for appellant.

*D. J. Murphy,* for appellee.

DEEMER, J.—At some time prior to the year 1874, Timothy Fitzgerald became the owner of the land in ques-

tion.  He had two sons, Ed and John.  In the year named Ed married, built a house upon the land, and lived there under an alleged agreement and understanding with his father that he would convey the farm to the two sons. Ed has lived on the land ever since.  On March 8, 1880, Timothy Fitzgerald made the mortgage now in controversy to Peter Flanagan.  In the year 1884 Timothy conveyed the land by warranty deed to his sons Ed and John, and later John conveyed his interests to Ed, who is the plaintiff here.  The deed from Timothy to his sons recites a consideration of $3,000, and the warranty clause therein covenants that the grantor "is well seised of said premises of good, sure, perfect, absolute, and indefeasible estate in the law in fee simple, and that the same are free from all incumbrances whatever except a certain mortgage bearing date the ———— day of ————, 18..." It contains no assumption by the grantees of any incumbrances or any undertaking by them to pay a mortgage indebtedness.  The mortgage in suit was, as we have already noted, executed March 8, 1880, and purports to be security for the payment of one promissory note of Timothy Fitzgerald for $288 due March 8, 1883, with interest at 10 percent.  The mortgagor has been dead many years.  Peter Flanagan, the mortgagee, survives, but far advanced in years, and his business has been attended to principally by his daughter, who lives with him.

This action was instituted August 25, 1904, to obtain a decree canceling the mortgage of record as being barred by the statute of limitations and unenforceable against the plaintiff.  It is also alleged that the mortgage debt has been paid.  In answer defendant denies that the mortgage debt is barred, alleges that it has been revived from time to time by new promises and new acknowledgments of indebtedness, and by way of cross-bill he asked that the lien may be enforced for the payment of said debt.  To avoid the plea of statute of limitations to his cross-bill the defendant

alleges that, after the conveyance by Timothy Fitzgerald to his sons as aforesaid, the present plaintiff wrote and sent to the defendant, Peter Flanagan, a letter in which he referred to the said mortgage debt in words as follows: "Harpers Ferry, Dec. 21. Mr. Flannagan—Dear Sir: We have got youre money for you. It will be ready for you the fifteent of February. Without Fale. the man that We gott the money from will have the money ready from the first to the 15th of February. From youre Frinds J. & Ed Fitzgerald." It is further alleged that at a later date said plaintiff wrote and sent another letter to said defendant, in which, again referring to the same indebtedness, he said: "Harpers Ferry, Aug. 3-95. Mr. Flannagan, Friend Peter. I received Notice from Webster a few days ago demanding that money amedatly. I will be able to pay it by the 15 of November and not before So don't make no costs that is not necessary, Yours truly, Ed Fitzgerald." It is further alleged that plaintiff at various times wrote other letters to defendant on the same subject, acknowledging the debt and promising to pay the same, but that said writings are now lost and can not be produced. Issue was taken by plaintiff upon the cross-bill.

From this statement it will be seen that the note which the mortgage was given to secure was due March 8, 1883, and that it was barred by the statute of limitations ten years after that date, to wit, March 8,

1. MORTGAGES: limitation of actions.

1893. This action was commenced August 25, 1904, and action on either note or mortgage was barred at that time, unless, as defendant and appellant claims, the obligation 'was renewed by acknowledgment or a new promise to pay or the plaintiff for a good consideration promised to pay the debt and thus continued it in force. An action either on the note or mortgage must, under the laws of this state, be brought within ten years from the time the cause of action accrued. It is a general rule that, if there be no debt, there is no mort-

gage, and consequently, if action for the debt be barred, an action to foreclose the mortgage is also barred. This is the general rule as to limitation of actions under section 3447, par. 7, of the Code. *Smith v. Foster*, 44 Iowa, 442; *Clinton Co. v. Cox*, 37 Iowa, 570; *Brown v. Rockhold*, 49 Iowa, 282; *Gower v. Winchester*, 33 Iowa, 303; *Jenks v. Shaw*, 99 Iowa, 604, and cases cited. Aside from statutes such as prevail in this state or a rule of law such as is announced by our decisions, to the effect that a mortgage does not create an estate, but is simply a lien incident to the debt, the mortgage security is not extinguished, although the debt be barred. See the following cases: *Sturges v. Crowninshield*, 4 Wheat. 122 (4 L. Ed. 529); *Inge v. Boardman*, 2 Ala. 331; *Belknap v. Gleason*, 11 Conn. 160 (27 Am. Dec. 721); *Birnie v. Main*, 29 Ark. 591; *Browne v. Browne*, 17 Fla. 607 (35 Am. Rep. 96); *Crawford v. Hazelrigg*, 117 Ind. 63 (18 N. E. 603, 2 L. R. A. 139); *Kellar v. Sinton's Ex'r*, 14 B. Mon. (Ky.) 307; *Duke v. Story*, 116 Ga. 388 (42 S. E. 722); *Crooker v. Holmes*, 65 Me. 195 (20 Am. Rep. 687); *Demuth v. Old Town Bank*, 85 Md. 315 (37 Atl. 266, 60 Am. St. Rep. 322); *Norton v. Palmer*, 142 Mass. 433 (8 N. E. 346); *Webber v. Ryan*, 54 Mich. 70 (19 N. W. 751); *Slingerland v. Sherer*, 46 Minn. 422 (49 N. W. 237); *Cheney v. Woodruff*, 20 Neb. 124 (29 N. W. 275); *Read v. Edwards*, 2 Nev. 262; *Demerritt v. Batchelder*, 28 N. H. 533; *Hulburt v. Clark*, 128 N. Y. 295 (28 N. E. 638, 14 L. R. A. 59); *Myer v. Beal*, 5 Or. 130; *Ballou v. Taylor*, 14 R. I. 277; *Dearman v. Trimmier*, 26 S. C. 506 (2 S. E. 501); *Irvine v. Shrum*, 97 Tenn. 259 (36 S. W. 1089); *Fievel v. Zuber*, 67 Tex. 275 (3 S. W. 273); *Criss v. Criss*, 28 W. Va. 388; *Cerney v. Pawlot*, 66 Wis. 262 (28 N. W. 183); *Ball v. Wyeth*, 8 Allen (Mass.) 275; *Damon v. Deeves*, 57 Mich. 247 (23 N. W. 798); *Northrop v. Chase*, 76 Conn. 146 (56 Atl. 518); *Satterlund v. Beall*, 12 N. D. 122 (95 N. W. 518); *Alexander v. Ran-*

*som,* 16 S. D. 308 (92 N. W. 418); *Richmond v. Aiken,*
25 Vt. 324; *Booker v. Armstrong,* 93 Mo. 49 (4 S. W.
727); *Long v. Long,* 141 Mo. 352 (44 S. W. 341); *Bank
v. Simeral,* 61 Neb. 741 (86 N. W. 470); *Kerr v. Ly-
decker,* 51 Ohio St. 240 (37 N. E. 267, 23 L. R. A. 842);
*Colton v. Depew,* 60 N. J. Eq. 454 (46 Atl. 728, 83 Am.
St. Rep. 650); *Ellis v. Fairbanks,* 38 Fla. 257 (21 South.
107); *Conway v. Caswell,* 121 Ga. 254 (48 S. E. 956, 2
Ann. Cas. 269); *Capehart v. Dettrick,* 91 N. C. 344; *Casey
v. Gibbons,* 136 Cal. 368 (68 Pac. 1032); *In re Hart-
ranft's Estate,* 153 Pa. 530 (26 Atl. 104, 34 Am. St. Rep.
717); *United States v. Trust Co.,* 213 Pa. 411 (62 Atl. .
1062); *Camden v. Alkire,* 24 W. Va. 674; *Foot v. Burr,*
41 Colo. 192 (92 Pac. 236, 13 L. R. A. (N. S.) 1210).
But in this state, in Arkansas, by a recent statute, in Cali-
fornia, in Idaho, Illinois, Kentucky, Minnesota, Kansas,
Mississippi (by recent statute), Missouri (by recent stat-
ute), Nevada, Texas, and in Wyoming, the mortgage, being
considered a mere incident to the debt, is, as a general
rule, extinguished when the debt for which it is given is
barred by the statute of limitations. See *Lord v. Morris,*
18 Cal. 482; *Allen v. Allen,* 95 Cal. 184 (30 Pac. 213,
16 L. R. A. 646); *Clift v. Williams,* 105 Ky. 559 (49 S.
W. 328, 51 S. W. 821); *Carson v. Cochran,* 51 Minn. 67
(53 N. W. 1130); *Duty v. Graham,* 12 Tex. 427 (62 Am.
Dec. 534); *Hurley v. Cox,* 9 Neb. 230 (2 N. W. 705);
*Hill v. Gregory,* 64 Ark. 317 (42 S. W. 408); *Law v.
Spence,* 5 Idaho, 244 (48 Pac. 282); *Harding v. Durand,*
138 Ill. 515 (28 N. E. 948); *Hubbard v. Missouri Ins.
Co.,* 25 Kan. 172; *Culp v. Culp,* 51 Kan. 341 (32 Pac. 1118,
21 L. R. A. 550); *Huntington v. Bobbitt,* 46 Miss. 528;
*Balch v. Arnold,* 9 Wyo. 17 (15 Pac. 434).

In some of these states the rule does not apply if the
mortgage itself contains a covenant to pay the debt; in
others it applies only as between the holder of the mortgage
and the original mortgagor; and in still others exceptions

have been introduced which will now be noticed. Thus in California it has been held that an action to foreclose a mortgage is not barred by statute, although the debt which it was made to secure could not be enforced against the mortgagor. *Union Co. v. Murphy Co.,* 22 Cal. 620. And in the same state it was held that, when a mortgagor sells the property after making the mortgage, that instrument, as contradistinguished from the debt, is a contract in writing, and not barred, although no suit could be brought against the mortgagor. *Wood v. Goodfellow,* 43 Cal. 185. See, also, *Grant v. Burr,* 54 Cal. 298. In a Kansas case the debtor conveyed the mortgaged land before the statute had run against the debt, and then left the state. It was held that the statute did not run against the mortgagee in favor of the grantee. *Waterson v. Kirkwood,* 17 Kan. 9. See, also, *Richey v. Sinclair,* 168 Ill. 184 (47 N. E. 364). In Texas it has been held that a sale under a deed of trust may be executed, although the right of action on the debt secured thereby is barred. *Fievel v. Zuber,* 67 Tex. 43 (3 S. W. 273), overruling *Blackwell v. Barnett,* 52 Tex. 326. Again, in California, it has been held that, although the lien of a mortgage is extinguished by the barring of the debt by the statute of limitations, yet a mortgagor of real property can not, without paying his debt, quiet his title against the mortgagee. *Puckhaber v. Henry,* 152 Cal. 419 (93 Pac. 114, 125 Am. St. Rep. 75, 14 Ann. Cas. 844). While we are committed to the doctrine that, if the debt be barred by statute, the right to enforce a mortgage given to secure the debt is also barred, yet we have held that the creditor need not file his claim with the administrator of a deceased mortgagor, nor with the original debtor's assignee for the benefit of creditors, nor in bankruptcy proceedings, but may rely upon his security, and enforce it any time before it becomes barred by the general statute of limitations. See *Allen v. Moer,* 16 Iowa, 307; *In re Windhorst,* 107 Iowa, 58.

In the instant case the original obligor and mortgagor is dead, and no action can be had against him; still, if the mortagage is not barred, the fact that no claim was made against his estate, and that the obligation is barred as to him, does not defeat the action to foreclose against the present owners of the land. That the holder of a note and mortgage may bring action against the owner of the land without making the original obligor a party is well settled in this state. See *Johnson v. Foster*, 68 Iowa, 140, and cases cited, as well as those annotated under section 4287 of the Code. So far, it must be conceded that the discussion is largely academic, for on the face of the papers the action is barred, no matter whether it be upon the original note or mortgage or upon both. It is provided by statute, however: "Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same." Code, 3456. And the fundamental inquiry is; May a debt or mortgage be revived under this section by the grantee of a mortgagor?

2. SAME: right of fore-closure.

It will be observed that defendant's cross-bill is based upon a mortgage and his action is against the present holder of the legal title who acquired the same by *mesne* conveyances from the maker of the note and mortgage. Timothy Fitzgerald, the maker, has been dead for many years, but neither his administrator nor his heirs were necessary parties to the foreclosure. *Johnson v. Foster*, 68 Iowa, 140, and cases cited under section 4287 of the Code, to which reference is made.

3. SAME: parties: subsequent purchasers: personal liability.

Of course, no judgment can be obtained against the original mortgagor, and no personal judgment against his grantee, unless he assumed and agreed to pay the debt.

The present holder of the legal title is the only necessary party to the foreclosure, and his land may be taken

because his conveyance was subject thereto, even though he did not assume to pay it.

. The testimony shows, as we think, that the mortgage in question was excepted from the covenants or warranty in the deed made by the mortgagor, and this exception qualified all the other covenants. *Morrison v. Morrison,* 38 Iowa, 73; *Sweet v. Brown,* 12 Metc. (Mass.) 175 (45 Am. Dec. 243); *Sandwich Co. v. Zellmer,* 48 Minn. 408 (51 N. W. 379); *Freeman v. Foster,* 55 Me. 508; *Bennett v. Keehn,* 67 Wis. 154 (29 N. W. 207, 30 N. W. 112).

4. SAME: conveyance of property: exception of mortgage.

In such cases, even though there be no assumption of the debt, the property is conveyed subject to the mortgage, and is the primary fund from which it should be paid. *McConihe v. Fales,* 107 N. Y. 404 (14 N. E. 285); *Crawford v. Nimmons,* 180 Ill. 143 (54 N. E. 209); *Comstock v. Hitt,* 37 Ill. 542; *Howard v. Robbins,* 170 N. Y. 498 (63 N. E. 530); *Savings Bank v. Grant,* 41 Mich. 101 (2 N. W. 1); *Dickason v. Williams,* 129 Mass. 182 (37 Am. Rep. 316); *Wadsworth v. Lyon,* 93 N. Y. 201 (45 Am. Rep. 190); *Johnson v. Lasker Co.,* 2 Tex. Civ. App. 494 (21 S. W. 961). The mortgagor remains the debtor and the land is simply security for the debt, and the same rule applies as where the purchase is expressly made subject to the mortgage. *Fuller v. Hunt,* 48 Iowa, 163; *Moore v. Olive,* 114 Iowa, 650.

As the grantee who holds the legal title is the only necessary party, the universal holding is that he is in such privity to the original mortgagor that he may plead the bar of the statute. *Low v. Allen,* 26 Cal. 141; *Rawlins v. Rawlins,* 75 Ga., 632; *McLaugherty v. Croft,* 43 W. Va., 270 (27 S. E. 246); *Day v. Baldwin,* 34 Iowa, 380; *Ewell v. Daggs,* 108 U. S. 143 (2 Sup. Ct. 408, 27 L. Ed. 682); *Paine v. Dodds,* 14 N. D. 189 (103 N. W. 931, 116 Am. St. Rep. 674); *Lord v. Morris,* 18 Cal. 482. If

5. SAME: limitations: who may plead: revival of action.

such grantee were a mere stranger, he could not plead the statute, as the right to so plead is generally regarded as a personal privilege.   *Dunton v. McCook,* 93 Iowa, 258.

Having this right, it is optional with the grantee whether or not he will interpose such a plea, and it is not for his grantor to complain.   If he has the right to interpose the plea, it logically follows that he should be allowed to waive the statute, which is one of repose in his behalf, and we think that a grantee from a mortgagor of real estate, the mortgage being of record and a prior lien upon the land, may waive the statute of limitations after action brought, or revive the cause of action before suit is commenced, as provided in section 3456 of the Code. Indeed, this seems to have been the holding of all courts where the question has arisen, no matter what their view as to the effect of the statute in general.   See *Heyer v. Pruyn,* 7 Paige (N. Y.) 465 (34 Am. Dec. 355); *Moore v. Clark,* 40 N. J. Eq. 152); *Shaw v. Land Co.* (Tex. Civ. App.) 62 S. W. 941; *Daniels v. Johnson,* 129 Cal. 415 (61 Pac. 1107, 79 Am. St. Rep. 123); *Foster v. Bowles,* 138 Cal. 346 (71 Pac. 494); *Clayton v. Watkins,* 19 Tex. Civ. App. 133 (47 S. W. 810); *Hughes v. Edwards,* 9 Wheat. 490 (6 L. Ed. 142); *McLane v. Allison,* 60 Kan. 441 (56 Pac. 747); *Longstreet v. Brown* (N. J. Ch.) 37 Atl. 56; *Howard v. Windom,* 86 Tex. 560 (26 S. W. 483); *Neosho Valley v. Huston,* 61 Kan. 859 (59 Pac. 643).

This exact question was presented to the Supreme Court of Kansas in *McLane v. Allison,* 60 Kan. 441 (56 Pac. 747) and it was there held that the grantee of a mort-

6. SAME: revival
   of debt: parol
   evidence.

gagor might revive the mortgage or suspend the running of the statute of limitations against an action for the foreclosure of the mortgage lien.   The court in its opinion said:

Had the conveyance in this case been made 'subject to the mortgage,' the rule above quoted would be applicable, and would be decisive against the defendant in error.

However, as before stated, the conveyances were not made subject to the mortgage, but nevertheless, as we think, the payments of interest made by the grantees, Anderson and Docking, were a recognition of the fact that the land was subject to the mortgage, and constituted an engagement upon their part to hold the land subject to the mortgage lien. The existence of the mortgage was recited in both deeds, and also in the mortgage of Anderson to the loan and building association, Docking's *cestui que* trust, and these instruments were all of record. Docking and the loan and building association were chargeable with knowledge of the fact that Anderson had recognized the land as subject to the mortgage by continuing interest payments upon it after as well as before action upon the note which it secured had become barred; and, with like knowledge that such action was barred, they also recognized the validity of the mortgage as a lien upon the land by making an interest payment upon it. Payments of money made with full knowledge of all the facts are in the nature of estoppels, and bind the persons making them to an admission of the validity of the debt. *Railroad Co. v. Tiernan*, 37 Kan. 607 (15 Pac. 544). Upon principle, there can be no difference between a recognition of personal liability for the payment of a debt and a recognition of the existence of a mortgage lien upon land. Though the conveyances in question did not recite that they were made subject to the mortgage, and therefore their acceptance did not constitute engagements to allow satisfaction of the mortgage debt out of the land, the continued payment of interest upon the mortgage debt constituted a binding admission that the land was subject to the mortgage, and an agreement for its payments up to the value of the mortgaged premises.

In *Foster's* case, *supra,* it is said:

Indeed, an acknowledgment of the mortgage was an acknowledgment of the indebtedness secured thereby. It was not necessary that respondents should promise to pay the indebtedness in order to establish a new date for the statute to commence running as to the mortgage. All that was required was a plain and distinct acknowledgement in writing of the existence of the mortgage. *Concannon v.*

*Smith,* 134 Cal. 14 (66 Pac. 40); *State Loan, etc., Co. v. Cochran,* 130 Cal. 251 (62 Pac. 466, 600); *Chaffee v. Browne,* 109 Cal. 218 (41 Pac. 1028). As to the respondents Churchhill et al. the plea of the statute of limitations finds no support in the evidence, and the court erred in its finding that it did.

And in *Longstreet's* case the court of Chancery of New Jersey said:

The equitable liability of Mr. Dayton's lands to relieve the defendant compay's lands should therefore be considered as sufficient in equity to make the payment by Mr. Dayton to the mortgagee in 1879 a payment for the benefit and on account of the defendant, and at its request, and one which the mortgagee was entitled to receive as protecting her lien up to that time upon all the lands subject to her mortgage. So far as this payment is concerned, the defendant company has no right to insist that, as against the mortgagee, its lands shall be considered in equity as if the payment had not been made, and as if its lands were at the time of the payment held adversely to the mortgagee. The subsequent purchaser's discharge of his equitable obligations to the defendant to pay the mortgagee, and thus relieve the defendant's lands, can not on any equitable ground be made the basis of barring the mortgagee's rights against defendant's lands on the theory that the payment was not made in relief of defendant's lands; for the defendant's equitable right to require the primary payment of the lien by the subsequent purchaser carried with it all obligations and admissions necessarily arising from the payment by him as a payment made pursuant to an equitable status created by defendant's consent, and therefore it must be treated as an acknowledgement of the debt on the part of all those for whom or for whose benefit it was, in equity, to be considered a payment by reason of this equitable status. See 2 Jones, Mort. section 1198, and cases cited.

The reference to Jones on Mortgages in this last citation is quite appropos. In *Palmer v. Butler,* 36 Iowa, 576, we cited some of these cases with approval, although the

exact question here decided was not there involved. Again, it has been held that part payment of a debt resecured by mortgage made by a grantee of the mortgagor revives the debt so as to toll the statute of limitations in an action to foreclose the mortgage. See *Collier v. His Creditors*, 12 Rob. (La.) 398; *Woodruff v. Albright*, 10 Kan. App. 113 (62 Pac. 250); *Biddel v. Pugh*, 59 N. J. Eq. 480 (45 Atl. 626); *Harper v. Edwards*, 115 N. C. 246 (20 S. E. 392); *Hollister v. York*, 59 Vt. 1 (9 Atl. 2); *Colton v. Depew*, 60 N. J. Eq. 454 (46 Atl. 728, 83 Am. St. Rep. 650); *Murray v. Emery*, 187 Ill. 408 (58 N. E. 327). It seems, then, to be well established by authority that the grantee of a mortgagor who takes subject to the mortgage may revive or keep alive the debt secured by the mortgage so as to render the mortgage enforceable against him, although perhaps he can not revive the debt so as to make it a personal obligation against the mortgagor. This logically follows, we think, when it is once assured that he may plead the statute in bar of an action to foreclose to which he alone is the only necessary party. But it is said there is no proof that either of the grantees from Timothy Fitzgerald ever assumed or agreed to pay the mortgage indebtedness. Concession is made, to establish such an agreement, and such is the holding of the cases. *Bowen v. Kurtz*, 37 Iowa, 239, and *Morrison v. Hogue*, 49 Iowa, 574.

There is some testimony of an agreement to pay the mortgage debt at the time the deed was executed, and the letters set out and the other testimony tends to show that the plaintiff recognized the debt as his own or the debt of himself and his brother, and that they were under an obligation to pay the same. Indeed, there seems to have been no other consideration for the deed save love and affection. But we need not definitely decide this proposition now.

Again it is contended that there is no showing that the

mortgage indebtedness to Flanagan is the one referred to in the deed which we have set out, or that there was any intent to exempt this indebtedness from the covenants of that instrument. In view of the recitations in the deed, we think it was competent to show by parol that the mortgage lien in question was exempted from the covenants, or that the grantee in the deed assumed and agreed to pay the same. The deed is not conclusive on either of these propositions. *Bowen v. Kurtz,* 37 Iowa, 239; *Lamb v. Tucker,* 42 Iowa, 118; Johnson on Mortgages (6th Ed.) section 750; *Harts v. Emery,* 184 Ill. 560 (56 N. E. 865); *Morgan v. South Milwaukee Co.,* 97 Wis. 275 (72 N. W. 872). The mortgagee is not a party to the deed in such a sense as that he can not show the true agreement between the parties, although such agreement be not expressed in the deed. *Bowen v. Kurtz, supra; Rooney v. Koenig,* 80 Minn. 483 (83 N. W. 399). See, also, *Foy v. Armstrong,* 113 Iowa, 629 (85 N. W. 753) and cases cited; *Hart v. Emery, supra; Conover v. Brown,* 29 N. J. Eq. 510. It is practically conceded that the mortgage was excepted from the covenants of the deed, so we need not pursue that inquiry further. Having purchased nothing more than his grantor's equity of redemption, and entered into the possession and enjoyment of the property, he held the same subject to the mortgage, but did not become personally liable for the debt secured. The mortgage could at any time before the statute had run against it be foreclosed and the property taken in satisfaction of the lien. *Tichenor v. Dodd,* 4 N. J. Eq. 454, and cases cited; *Moore v. Olive, supra.* He was not such a stranger to the mortgage or to the debt secured thereby that he could not revive the same by a written admission of the indebtedness or a promise to pay.

The allegations of the cross-petition are also broad enough to raise the question of the plaintiff's obligation to

7. SAME: conveyances: exception of mortgage: parol evidence.

pay the mortgage indebtedness upon a valuable consideration passing directly to him. Defendant was pressing plaintiff for payment of the mortgage indebtedness and threatening foreclosure proceedings if the amount secured was not paid. Plaintiff was in possession of the property, and enjoying the income therefrom. He promised by the letters quoted and by others to pay the indebtedness at a given time, to-wit, November 15th, and asked that no costs be made. The extension of time was granted, and no proceedings were instituted upon the mortgage. Indeed, the testimony shows that the note and mortgage were taken out of the hands of an attorney with whom they were left for collection by foreclosure, and no proceedings were commenced until long after the time fixed by plaintiff for payment. Extension of time for a definite period and forebearance to sue or to enforce a lien are each treated as a valuable consideration and sufficient to support a promise to pay. See Page on Contracts, sections 288, 289, and cases cited, among which is *Burke v. Dillin,* 92 Iowa, 557.

8. SAME: limitations: revivor: statute of frauds.

And such a promise is not within the statute of frauds. *Barker v. Guilliam,* 5 Iowa, 510; *Schaafs v. Wentz,* 100 Iowa, 708, and Page on Contracts, section 614; *Carraher v. Allen,* 112 Iowa, 168, *Leonard v. Vredenburgh,* 8 Johns. (N. Y.) 29 (5 Am. Dec. 317); *French v. French,* 84 Iowa, 655. Appellee insists, however, that there is no testimony showing that the letters relied upon were signed by plaintiff or by his authority. It is true that plaintiff denied having written these letters, but the testimony sufficiently shows, as we think, that they were either written by him or by his authority.

Again, it is said that the revivor would have to be signed by both plaintiff and his wife, because part of the property was their homestead. But upon the theory that the cause of action was revived it was not necessary for the wife to sign. *Mahon v. Cooley,* 36 Iowa, 479.

9. SAME: revivor.

Again, it is said that the letters do not sufficiently identify the debt. But parol testimony was admissible to identify it, and there is enough in the record to show that the letters related to the mortgage indebtedness in question. Supporting this view, see *First Nat. Bank v. Woodman*, 93 Iowa, 668.

10. SAME: evidence.

Plaintiff claims that certain payments have been made upon the mortgage indebtedness, for which no credit has been given. The burden was upon him to establish the claim, and in this we think he failed.

Our conclusion on the whole record is that the decree is wrong. We shall not undertake to ascertain the amount due upon the note, and shall remand the cause that this may be ascertained, and a proper decree of foreclosure entered. *Reversed* and *remanded*.


WEAVER, J., (dissenting).—Had the majority been content to reverse the decree below on the ground which is intimated near the close of its opinion, that plaintiff took the title to the land from his father under an express or implied agreement to assume and pay the mortgage debt, I should burden the record with no dissent. Such conclusion, though in my opinion without the slightest support in the record, would satisfy that primitive sense of justice, which looks with disfavor upon the statutory city of refuge erected for the relief of delinquent debtors, and the decision being made to turn upon a mere question of fact. A decision based thereon could have been announced without any discussion of doubtful propositions of law, and without in any manner disturbing legal or equitable rules which have hitherto had the uniform and unquestioned adherence of this court. That the discussion indulged in does open the door to doubts and uncertainties which will hereafter return to embarrass the court and work the abandonment of well-setttled principles I am fully persuaded.

I.    That under the ancient conception of the effect

of a mortgage as a conveyance it has been and is still held in some states that suit may be brought to enforce such mortgage, even after right of action at law on the debt is barred by the statute of limitations, is freely admitted, and the position taken by the appellee herein involves no denial of the correctness of that proposition in such jurisdictions. The contention on his part has been that, under the statutes and repeated decisions of this court, a mortgage in this state does no more than to evidence a lien or security for the payment of a specified debt, and that, when the right to enforce that debt is lost by the effect of the statute of limtations or otherwise, the lien or security which is a mere incident thereto falls with it, a position so emphatically affirmed by this court that it is an uncalled for waste of time to cite the precedents. Indeed, the majority opinion finally concedes that discussion of the ancient rule is largely academic under the law of this state and the conceded facts of this case, but it will be very difficult for the bar or the trial courts of the state to avoid the impression that the prominence given to the rule of the common law and the imposing array of authorities by which it is supported would not have been embodied in the opinion had they not in some way or to some extent influenced the mind of this court in its disposition of the case.

The statement of the majority that, where land is conveyed subject to a mortgage, such land is the primary fund from which the debt should be paid, that the mortgagor is the debtor and the land conveyed "is simply security for the debt," and that the grantee of the legal title may plead the bar of the statute, is not open to dispute, but it leads not a step nearer the conclusion finally announced, but rather in the opposite direction. The further proposition that the grantee of mortgaged lands may waive the benefit of the statute is equally indisputable. There are very few rights secured by law to the litigant which he may not waive. But, immediately following this proposition and in apparent sup-

port of its application to the case at bar, the opinion cites and quotes at large with apparent approval as precedents for its conclusion from *McLane v. Allison,* 60 Kan. 441 (56 Pac. 747); *Railroad Co. v. Tiernan,* 37 Kan. 607 (15 Pac. 544); *Foster v. Bowles,* 138 Cal. 346 (71 Pac. 494, 649). Each of these cases is made to turn upon the rule which prevails in some jurisdictions but has been abolished or superseded by statute in this state, that a partial payment is such an acknowledgement of the debt as will toll the statute of limitations. Are we to understand, notwithstanding our statute to the contrary, that the rule as to the effect of partial payments has been resurrected for the government of future cases of this character? That such seems to be intended is indicated by the subsequent statement of the opinion that "it has been held that part payment of a debt secured by mortgage made by a grantee of the mortgagor revives the debt so as to toll the statute of limitations in actions to foreclose the mortgage." In support of this, we are cited to a list of cases from Louisiana, New Jersey, Illinois, and other states, in none of which there appears to be a statute like our own. Upon the foundation thus laid, the opinion declares it to be "well established" that the grantee of a mortgagor who takes subject to the mortgage may revive or keep alive the debt secured by the mortgage so as to render it enforceable against him, although perhaps he can not revive the debt against the mortgagor. If this is to be limited to a grantee who has assumed the debt secured by the mortgage, the rule stated is perfectly sound, but the majority carefully refrain from such qualification.

So limited, the mortgage would remain enforceable simply because he who assumed to pay the debt having waived the defense of the statute a right of action exists thereon, and because the debt remains an enforceable demand the lien given to secure it may also be enforced. If not so limited, and we are to hold that the mortgage may

under any conceivable circumstances be foreclosed after right of action upon the debt has been fully barred and is no longer an enforceable claim at law against any person whomsoever, then we have the incongruous result. A mortgage under the law of this state vests no title or estate in the mortgagee. Its only force and effect is to create a lien to secure a debt which exists wholly independent of the mortgage. It is, as has frequently been said by the courts, a "mere incident" of the debt. Yet the effect of the majority opinion is to say that, although the debt to be secured has been lost, the security survives, and, though that which was the principal and fundamental thing has ceased to exist, that which was dependent thereon for its vitality still lives. The debt ceases to have legal vitality but that which was a mere incident to survive in full vigor of eternal youth. In other words, though the substance is dead, yet by some process of legal incantation its ghost can be made to walk. When this becomes possible, the Witch of Endor will cease to enjoy that pre-eminence in the world of magic which has been conceded to her for the last 4,000 years. To reach this result, we override and discredit the logic of every decision heretofore rendered by this court having any bearing upon the question. *Smith v. Foster,* 44 Iowa, 442; *Clinton v. Cox,* 37 Iowa, 570; *Brown v. Rockhold,* 49 Iowa, 282; *Gower v. Winchester,* 33 Iowa, 303; *Jenks v. Shaw,* 99 Iowa, 604; *Kerndt v. Porterfield,* 56 Iowa, 412; *Newman v. De Lorimer,* 19 Iowa, 244; *Mahaffy v. Faris,* 144 Iowa, 226; *Boynton v. Salinger,* 147 Iowa, 541; *La Rue v. King,* 74 Iowa, 290; *Adams v. Holden,* 111 Iowa, 59; *Bank v. Jess,* 127 Iowa, 454. I have no expectation that the foregoing citations will stay the announcement of the opinion against which this dissent is directed, but I am not without hope that they will afford valuable food for reflection by the court, when in the near future under the stimulus of this decision the catacombs of safety deposit companies, banks, and law offices are ransacked for dead

and forgotten mortgages to be galvanized into an appearance of life, and made the pretext for a flood of speculative litigation.

Upon the general merits of the case, I am strongly of the opinion that, while the plaintiff's petition to quiet his title might well have been denied, the defendant's cross-petition for foreclosure of the mortgage was rightfully dismissed as being barred by the statute of limitations, and as being wholly unsupported by any competent evidence that the mortgage debt was ever assumed by the plaintiff. In short, I think the decree below should be affirmed.